See also D.C., 329 F.Supp. 211.

**JACK WINTER, INC., a corporation, Plaintiff,**

v.

**KORATRON COMPANY, INC., a corporation, Defendant.**

**KORATRON COMPANY, INC., a corporation, Counterclaimant,**

v.

**JACK WINTER, INC., a corporation, Counterclaim Defendant, And All Cases Consolidated for Pretrial Purposes**

Civ. A. Nos. 49392, 47273, 49671, 50063, 50854, 51301, 51653, 51691, 49558, 49913, 50827, 51281, 51650, 51654, C–701252 and C–701443.

United States District Court, N. D. California.

Nov. 22, 1971.

---

Heller, Ehrman, White & McAuliffe by M. Laurence Popofsky, San Francisco, Cal., for Levi Strauss & Co.

Phelps, Hall & Keller by Glen E. Keller, Jr., Denver, Colo., Watson, Leavenworth, Kelton & Taggart by Thomas V. Heyman, New York City, for Bayly Manufacturing Co. and Henry I. Siegel Co., Inc.

Hunton, Williams, Gay, Powell & Gibson by Lewis T. Booker, Richmond, Va., for Dan River Mills, Inc.

Curtis, Morris & Safford by Robert D. Spille, New York City, for Deering Milliken, Inc.

Brobeck, Phleger & Harrison by Robert S. Daggett, San Francisco, Cal., Lyon & Lyon by James W. Geriak, Los Angeles, Cal., for Koratron Co., Inc. and Koracorp Industries, Inc.

Weltner, Kidd & Crumbley by Charles M. Kidd, Atlanta, Ga., for Oxford Industries, Inc.

## MEMORANDUM OPINION RE PRIVILEGED DOCUMENTS

WILLIAM E. DOYLE, District Judge.

In this multidistrict litigation there has arisen a problem late in the proceedings having to do with numerous documents in the files of Koratron. In the

course of discovery proceedings, just prior to the final closing, it appeared that these documents existed. We determined that there should be *in camera* inspection of these files and we have proceeded to do so.

A total of 415 documents were delivered, and an effort has been made to list and classify them and, finally, to carefully examine each and every one so as to avoid any group or mass ruling. Following the initial inspection, tentative distinctions were made and the documents were listed, described and submitted to counsel. Following this, briefs were filed by both sides addressed to these tentative drafts. Finally, oral arguments were carried out and we now submit our final rulings.

The effort has been to protect fully the confidentiality which a client would ordinarily anticipate in his dealings with his lawyer. At the same time, the relationships here are those of patentee and licensee and the issues involved range from patent validity and misuse to fraud on the Patent Office and alleged antitrust violations. Thus, rights of discovery have had to have been carefully weighed and considered.

■ One other complicating factor has been that during the period in question Koratron's counsel exercised a broad authority to transact business matters surrounding and relating to the obtaining of patents not only in the United States but also in foreign countries. The consequence of this was that much routine business flowed through the hands of the attorneys and this was seemingly carried out without any consideration of the fact that it was confidential. Nevertheless, in all of those instances in which the documents disclose legal analysis and conclusions on the part of the lawyers the privilege has been found to obtain whether the memorandum or letter was addressed to the client or to correspondent counsel or to patent agents in Great Britain. In numerous instances our tentative rulings have been changed and we have reclassified documents as confidential which had been tentatively classified as non-confidential.

■ The majority of the documents here classified as privileged are generally client requests for legal advice and attorney responses thereto. The remainder of the privileged documents involve either client communications intended to keep the attorney apprised of continuing business developments, with an implied request for legal advice based thereon, or self-initiated attorney communications intended to keep the client posted on legal developments and implications, including implications of client activity noticed by the attorney but with regard to which no written request for advice from the client has been found. This approach is agreeable to our earlier expressions in Winter, Inc. v. Koratron Co., 50 F.R.D. 225 (1970) and cases there cited.

■ A number of documents have been ruled to fall outside the boundaries of the attorney-client privilege. This has been done only after most careful consideration of the actual contents of each document. The determinations have been particularly difficult in instances of communications primarily factual in nature. Generally, when factual information was communicated so that the attorney could disclose it in a patent or trademark application, the communication was viewed as non-privileged. On the other hand, documents containing considerable technical factual information but which were nonetheless primarily concerned with giving legal guidance to the client were classified as privileged. In other words, doubts have been resolved in favor of the privilege.

As is not infrequently the case in patent matters, the problem of classification

here was particularly troublesome as the attorneys for Koratron performed virtually every task incident to filing for and obtaining a patent or trademark registration. They were so closely associated with the activities of Koratron that picking out from the mass of documents presented to the court those which involved non-legal transactions not soliciting or offering legal advice,[1] and the separating of these from documents which did involve the exercise of the attorney's art, became at times an arduous and complex exercise. Yet we have sought to not lose sight of the importance of the distinction, for it is important that the attorney-client privilege not be downgraded in the interests of expedient results. At the same time, corporate dealings are not made confidential merely by funnelling them routinely through an attorney.

■ Thus, we have taken the view that many of the tasks performed for Koratron by White, such as determining the requirements for filing, the expense of filing, writing checks to cover filings and obtaining photostatic copies of certain current registrations, did not under any stretch of the imagination involve the attorney's art. But the court is also aware that in view of the current state of the law, especially in antitrust as it affects patent and trademark claims, the attorney's counsel is vital to the conduct of business. The client therefore does have a right to expect that the confidentiality of interchange designed to promote the exercise of this counsel will be preserved. See Chore-Time Equipment, Inc. v. Big Dutchman, Inc., 255 F.Supp. 1020, 1021 (W.D.Mich.1966); Baird v. Koerner, 279 F.2d 623, 629 (9th Cir. 1960).

■ Documents classified as non-privileged in the present case consist principally of the following:

(1) Client authorizations to file applications and take other steps necessary to obtain registration;

(2) Papers submitted to the Patent Office;

(3) Compendiums of filing fees and requirements in the United States and foreign countries for various types of applications;

(4) Résumés of applications filed and registrations obtained or rejected (including dates and file or registration numbers);

(5) Technical information communicated to the attorney but not calling for a legal opinion or interpretation and meant primarily for aid in completing patent applications;

(6) Business advice such as that related to product marketing; and

(7) Communications whose confidentiality Koratron has waived.

■ On the other hand, documents written by or obtained from third parties, even though attached to communications seeking or giving legal advice, have been separated and classified as non-privileged. See Giordani v. Hoffman, 278 F.Supp. 886 (E.D.Pa.1968).

■ Matters that could be classed as attorney work product, such as preliminary drafts of legal documents, license agreements and/or assignments, have been classified as privileged.

Following oral argument and the submission of memoranda of law on the subject of privilege by both sides, the court has, as noted above, modified a number of the tentative rulings. In all instances, the changes involved transferring documents previously ruled non-privileged to the category of privileged. Arguments were advanced with respect to a number

---

1. *Cf.* Georgia-Pacific Plywood Co. v. United States Ply. Corp., 18 F.R.D. 463, 464 (S.D.N.Y.1956); Underwater Storage, Inc. v. United States Rubber Co., 314 F.Supp. 546 (D.C.D.C.1970).

of specific documents, and the court paid particular attention to these in review, but the review has not been limited to documents specifically advanced by counsel; thus, there are several which were not mentioned in argument which have been re-classified. Not all documents argued were considered to be proved privileged by the argument, however, and those argued but not mentioned below have been left in the non-privileged category under the criteria mentioned above.

From "Schedule A Non-Privileged" the following documents have been removed and re-classified as privileged:

| Number | |
| --- | --- |
| A–1, 3 | Mostly factual information but legal advice given thereon. |
| A–9, 12, 13 | Requests for legal advice. |
| A–21 | Direct result of attorney-client interaction. |
| A–46, 47, 48 | Irrelevant to present proceedings and having directly to do with relations between attorney and former client. |
| A–64, 65, 66 | The documents relating to the "Confidential Disclosure Agreement." Upon consideration, the court feels that these documents are not sufficiently closely related to the Dan River Agreement to come under that waiver. However, if the third party complaint comes to trial, the issue of independent waiver should be re-examined; the relation between Koratron and Dan River may indicate a waiver as between those parties when none exists between Koratron and the adversaries. |

Before discussing individual documents in the British proceedings, it seems appropriate to point out that communications between White, the Chicago patent firm, and the British patent agent have all been treated as though they were between attorney and client, and judgments have been made individually on the merits of each document. There would seem to be no real basis for any blanket treatment of these documents either way; just as with any document the privilege should be extended to them if but only if they meet, each individually, the required criteria.

| Number | |
| --- | --- |
| A–98 | While this document does contain a great deal of technical information, it also contains legal advice, and the presentation of the technical information is clearly conditioned by the attorney's thought processes as formed by the legal problem facing Koratron and its counsel. It should be privileged. |
| A–100, 101 | This document should be regarded (#100) as privileged for the reasons outlined above for #A–98; #A–101 should be privileged because it is quite dependent upon #A–100 and is interrelated therewith in such a manner as to make the two essentially expressive of one legal expression as a unit. |
| A–108 | Again, the technical presentation is conditioned by the need to respond to a legal problem. |
| A–109 | Same as A–108. |
| A–114, 115, 116 | These documents reflect the winding-up of the British proceedings, and seem to contain some legal opinions as to the effect of some of the actions taken in the course thereof. They should be protected. |

As was pointed out in oral argument in November, counsel for Koratron identified the following documents incorrectly:

Number A–39 by Koratron's reckoning was Number II–55 by the court's identification; it is privileged.

Number A–44 by Koratron's reckoning is Number II–65 by the court's identification; it is privileged.

Number A–40 by Koratron's reckoning is Number A–39 by the court's identification; the arguments for privilege for this document are rejected, for the reason shown in the schedule.

Admittedly the judgments set forth above are imperfect, but they represent this court's best effort under all of the circumstances. The documents will be held intact until further notice. Counsel are requested to recommend a method of delivery. When we hear from liaison counsel we will forward them in accordance with counsel's suggestions.

PRIVILEGED SCHEDULE I

| Number | Date | To | From | Description and Reasons |
|---|---|---|---|---|
| I–1 | 9/24/64 | White [1] | Weil | Request for advice re how to answer letter in order to obtain rights in newly invented ·process |
| I–2 | 9/16/68 | Thomson & Thomson | Douglas Olson | Request to commence trademark search |
| I–3 | 8/ 8/60 | Singer | White | Bill for professional services |
| I–4 | 12/ 9/63 | Koret | White | Bill for professional services |
| I–5 | 7/25/66 | Greenberg | White | Advice re whether to file foreign applications on '915 patent |
| I–6 | 6/17/64 | White | Minick | Solicitation of advice re indemnity agreement |
| I–7 | 8/23/68 | Geriak | Daus | Solicitation of advice re interpretation of '432 patent |
| I–8 | 8/ 1/68 | Daus | Lyon & Lyon | Solicitation of advice re distinctions between existing patents and Gerrard invention |
| I–9 | 12/26/62 | Moncharsh | White | Legal advice re registration of KORATRON trademark |
| I–10 | 5/ 3/65 | *Hochstaedter* | *White* | *Interpretation of license provisions with view towards enforcement against licensees* |
| I–11 | 8/26/64 | Weil | White | Advice re possibility of bringing infringement action |
| I–12 | 5/18/65 | Hochstaedter | White | Interpretation of license provisions |
| I–13 | 1/22/69 | Daus | Olson [2] | Advice re additional provisions to power of attorney |
| I–14 | 1/17/69 | Olson | Daus | Advice re proposed corrections to affidavit |
| I–15 | 1/ 9/69 | Daus | Olson | Advice re Korvette suit and Koratron use of affidavit |
| I–16 | 8/26/64 | Weil | White | Comments re Buck Patent in light of Warnock patent |
| I–17 | 6/10/63 | Weil | White | Interpretation of requirements for filing foreign patent and trademark applications |
| I–18 | 10/11/65 | Greenberg | White | Antitrust advice |
| I–19 | 8/16/65 | Weil | White | Advice re protection of trademark rights |
| I–20 | 8/16/65 | Weil | White | Antitrust advice |
| I–21 | 8/11/65 | West | White | Advice re use of trademark on goods |
| I–22 | 10/30/64 | Weil | White | Advice re opposition claims in foreign trademark registrations |
| I–23 | 10/27/64 | White | Weil | Advice re opposition claims in foreign trademark registrations |
| I–24 | 1/28/64 | Hochstaedter | White | Advice re amending application |
| I–25 | 4/ 3/64 | Hochstaedter | White | Advice re use of mark |
| I–26 | 7/25/63 | Hochstaedter | White | Advice re use of mark |
| I–27 | 5/14/63 | Weil | White | Advice re suitable classification in which to register mark |
| I–28 | 10/25/68 (7 documents of same date) | Daus | Geriak | Analysis of seven proposed trademarks based on trademark search |
| I–29 | 1/14/65 | Weil | White | Antitrust advice |
| I–30 | 12/22/64 | White | Weil | Solicitation of advice· re licensing agreement |

[1] Koratron San Francisco attorney
[2] Koratron Los Angeles attorney

PRIVILEGED SCHEDULE I—Continued

| Number | Date | To | From | Description and Reasons |
|---|---|---|---|---|
| I–31 | 12/21/64 (3 copies of same) | White | Weil | Solicitation of advice re license provision |
| I–32 | 12/21/64 | White | Weil . | Memo confirming redrafting of addenda to agreement |
| I–33 | 12/15/64 (3 copies of same) | Weil | White | Advice re license provision |
| I–34 | 12/15/64 | Weil | White | Submission of addenda to agency agreement |
| I–35 | 12/21/64 | White | Weil | Client request to prepare licenses |
| I–36 | 11/24/64 | Hochstaedter | White | Interpretation of license agreement |
| I–37 | 11/17/64 | Weil | White | Advice re composite application-polyesters |
| I–38 | 11/ 9/64 | White | Weil | Solicitation of advice re license provision |
| I–39 | 10/23/64 | White | Weil | Solicitation of advice re agency agreement |
| I–40 | 10/ 6/64 | White | Weil | Advice re draft of letter to Sun Chemical |
| I–41 | 9/29/64 | Weil | White | Advice re potential agreement with Agawam |
| I–42 | 9/30/64 | Hochstaedter | White | Advice re license provision |
| I–43 | 9/29/64 | White | Weil | Solicitation of advice re interpretation of agreement with Thomas |
| I–44 | 9/ 4/64 | White | Weil | Solicitation of advice re proposed agreement with textile shops . |
| I–45 | 8/11/64 | White | Weil | Solicitation of advice re letter to licensees regarding scope of license |
| I–46 | 8/10/64 | White | Weil | Solicitation of advice re agreement with Greenwood Mills |
| I–47 | 5/26/64 | Hochstaedter | White | Advice re whether to file amendments to foreign patent applications |
| I–48 | 4/27/64 | Hochstaedter | White | Request for advice re whether to file amendments to foreign patent applications |
| I–49 | 4/15/64 | Weil | White | Advice re proposed contract |
| I–50 | 3/25/64 | White | Weil | Request for advice re shop-rights clause |
| I–51 | 12/ 6/63 | Hochstaedter | White | Interpretation of Hurwitz patent |

PRIVILEGED SCHEDULE II

| Number | Date | To | From | Reason |
|---|---|---|---|---|
| II–1 | 9/11/63 | Hochstaedter | White | Advice re whether to pursue litigation |
| II–2 | 11/ 7/63 | Hochstaedter | White | Interpretation of J. D. Reid patent |
| II–3 | 8/ 5/63 | White | Hochstaedter | Client's acknowledgment of agreement with attorney's advice concerning Stevens patent |
| II–4 | 10/16/56 | Moncharsh | White | Attorney communication re patent office action on '432 patent |
| II–5 | 11/16/56 | Moncharsh | White | ·Attorney's opinion re response to patent office stance on '432 patent |
| II–6 | 11/19/56 | Warnock | Moncharsh | Attorney's analysis of other patents re possible anticipation |
| II–7 | 11/ 8/65 | Hochstaedter | White | Advice concerning businessmen's attempt to construe what patent covers |

PRIVILEGED SCHEDULE II—Continued

| Number | Date | To | From | Reason |
|---|---|---|---|---|
| II–8 | 7/18/66 | White | Hochstaedter | Client's confirmation of advice received re royalty payments under license and agreement |
| II–9 | 6/21/66 | Greenberg | White | Advice re law of public domain of copyrighted material |
| II–10 | 4/ 8/66 | White | Wilcox | Solicitation of antitrust advice |
| II–11 | 4/ 8/66 | White | Greenberg | Communication about bill for professional services |
| II–12 | 4/66 | Koratron | White | Bill for professional services |
| II–13 | 3/28/66 | Hochstaedter | White | Advice re proposed instrument of assignment |
| II–14 | 2/24/66 | Wilcox | White | Advice re use of mark |
| II–15 | 2/23/66 | White | Wilcox | Request for advice re use of mark |
| II–16 | 2/ 3/66 | Hochstaedter | White | Advice re compliance of manual with license provisions |
| II–17 | 2/ 2/66 | Hochstaedter | White | Interpretation of agreement re acquisition of Stahl Urban license by Kellwood |
| * II–18 | 2/ 2/66 | White | Wilcox | Request for antitrust advice |
| II–19 | 2/ 2/66 | Schoenwald | White | Interpretation of contract clause re subsidiaries of licensees |
| * II–20 | 1/26/66 | White | Wilcox | Request for advice re Canadian licenses |
| II–21 | 12/17/65 | White | Schoenwald | Memo of meeting summarizing points discussed including attorney's advice concerning license provision |
| II–22 | 8/16/65 | Hochstaedter | White | Advice concerning protection of Koratron techniques and know-how |
| * II–23 | 12/28/65 | Barry | White | Advice concerning supplemental agreement—Knitwear |
| II–24 | 11/16/65 | Barry | White | Advice re wording of notice in bulletin |
| II–25 | 11/65 | Tomaselli | White | Advice concerning requirements for maintaining copyright on printed material |
| II–26 | 10/28/65 | Hochstaedter | White | Advice re proposed bulletin |
| II–27 | 10/26/65 | Tomaselli | White | Advice re restrictions on content of manual in order to protect trademark |
| II–28 | 10/22/65 | Barry | White | Advice re copyrighting of printed materials |
| II–29 | 10/20/65 | Hochstaedter | White | Advice re protection of patent as regards advertising and publicity releases |
| II–30 | 10/65 | Koratron | White | Bill for professional services |
| II–31 | 10/12/65 | Barry | White | Interpretation of William-Dickie (Mizell) patent in relation to Koratron patent |
| II–32 | 10/ 4/65 | White | Barry | Request for advice re William-Dickie (Mizell) patent |
| * II–33 | 9/30/65 | White | Barry | Solicitation of advice re proposed international agreements |
| II–34 | 9/ 8/65 | Hochstaedter | White | Advice re content of publicity so as to protect patent |
| II–35 | 9/ 8/65 | White | Hochstaedter | Request for advice re obtaining injunction |
| II–36 | 8/30/65 | White | Barry | Request to register foreign patents if legally able to do so |
| II–37 | 8/17/65 | White | Hochstaedter | Communication of facts with view towards litigation |

* Enclosures not given to Court.

PRIVILEGED SCHEDULE II—Continued

| Number | Date | To | From | Reason |
|---|---|---|---|---|
| II–38 | 8/16/65 | Hochstaedter | White | Advice re protection of Koratron know-how |
| II–39 | 8/12/65 | Hochstaedter | White | Interpretation of license provision |
| II–40 | 8/11/65 | Hochstaedter | White | Interpretation of scope of patent |
| * II–41 | 8/11/65 | West | White | Advice re protection of material by utilizing proper copyright notice |
| II–42 | 7/21/65 | Hochstaedter | White | Advice re speech & conduct of employees with regard to pending litigation |
| II–43 | 7/19/65 | Weil | White | Advice re copyright of manual |
| II–44 | 7/ 7/65 | White | Weil | Request for advice re copyright protection on foreign manuals |
| * II–45 | 7/ 1/65 | White | Weil | Client alerting attorney to possible litigation |
| II–46 | 6/23/65 | Hochstaedter | White | Advice concerning audit of licensees compliance with license provisions |
| II–47 | 6/14/65 | White | Hochstaedter | Solicitation of advice re patent situation with regard to prior art |
| * II–48 | 5/21/65 | White | Weil | Solicitation of advice re proposed revised foreign agreement |
| II–49 | 4/15/65 | Weil | White | Interpretation of foreign patent law |
| * II–50 | 4/14/65 | Hochstaedter | White | Advice re possible applications on thermoplastic resins |
| * II–51 | 4/14/65 | Hochstaedter Nirenberg | White | Advice concerning possible litigation |
| II–52 | 4/13/65 | White | Hochstaedter | Memo re discussions concerning other patents as they relate to Koratron patents |
| II–53 | 3/24/65 | Weil | White | Advice concerning choice of trademark and openness for registration |
| * II–54 | 3/22/65 | White | Weil | Request to investigate art surrounding William-Dickie patent |
| * II–55 | 3/15/65 | White | Hochstaedter | Solicitation of advice concerning possible application on thermo-plastic resins |
| II–56 | 3/11/65 | White | Hochstaedter | Solicitation of advice concerning possible licensing of baking ovens in retail stores |
| * II–57 | 2/18/65 | Weil | White | Interpretation of licenses with view towards enforcement |
| II–58 | 12/ 6/62 | Koret | White | Advice re necessity of entering new and supplemental license agreements |
| II–59 | 6/ 6/63 | Weil | White | Antitrust advice, and interpretation of rights under patent |
| * II–60 | 2/ 4/65 | White | Weil | Solicitation of advice re revised Thomas agreement |
| II–61 | 1/27/65 | Weil | White | Interpretation of mill and cutter licenses |
| * II–62 | 1/26/65 | Weil | White | Advice re proper parties to sign affidavits |
| II–63 | 1/20/65 | Weil | White | Advice re keeping of files in connection with protecting Canadian trademark |
| II–64 | 1/18/65 | White | Weil | Solicitation of advice concerning contents of patent application |
| * II–65 | 1/15/65 | White | Weil | Solicitation of advice re possible patent revocation proceedings |
| II–66 | 1/13/65 | Weil | White | Advice re possible infringement action |

* Enclosures not given to Court.

PRIVILEGED SCHEDULE II—Continued

| Number | Date | To | From | Reason |
|---|---|---|---|---|
| II–67 | 1/13/65 | Hochstaedter | White | Confidential communication about Canadian application |
| II–68 | 1/ 8/65 | Hochstaedter | White | Interpretation of license provision |
| II–69 | 11/ 4/64 | Weil | White | Advice re protection of British patent |
| II–70 | 3/ 7/66 | Barry | White | Advice re geographical protection of Portuguese patent |
| II–71 | 11/15/66 | White | Barry | Response re decision not to file patent application |
| II–72 | 5/10/60 | Singer [3] | White | Request for advice concerning legalities of filing for and obtaining British patent |
| II–73 | 5/19/60 | White | Singer | Advice re effect on foreign patent application of maintaining or dropping U.S. product claims |
| II–74 | 8/ 1/60 | Singer | White | Request for advice re whether & when to file certain foreign applications |
| II–75 | 8/ 3/60 | White | Singer | Advice re whether and when to file foreign applications with respect to the timing of U.S. applications |
| II–76 | 4/10/61 | White | Singer | Advice re limitation of claims in order to obtain British patent |
| II–77 | 4/20/61 | Singer | White | Analysis of published material to ascertain whether publication of this information affects British application |
| II–78 | 4/21/61 | White | Singer | Advice re amendment of application |
| II–79 | 5/18/61 | White | Singer | Transmittal of information in regard to possible amendment to application |
| II–80 | 9/ 1/61 | White | Singer | Suggestions and advice concerning whether to argue British examiner's opinion |
| II–81 | 9/ 6/61 | Singer | White | Authorization to obviate British examiner's objections |

TWO DOCUMENTS ARE MISSING:

| | Date | To | From | Reason |
|---|---|---|---|---|
| | 2/25/59 | Warnock | White | Described as Draft paper 11 '432 patent |
| | 6/16/58 | Warnock | White | Draft paper 9 '432 patent |

SCHEDULE A NON-PRIVILEGED (REVISED)

| Number | Date | To | From | Reason |
|---|---|---|---|---|
| A–1 | 7/31/63 | Weil | White | Transferred to privilege |
| A–2 | 6/11/63 | White | Weil | Information re name for process |
| A–3 | 2/ 8/66 | Is Stavis | White | Transferred to privilege |
| A–4 | 10/17/66 | White | Wilcox | Acknowledgment of receipt of registration certificate |
| A–5 | 10/13/66 | Greenberg | White | Transmittal of certificate of registration |
| * A–6 | 10/ 5/66 | White | Barry | Cover letter (enclosures not included to the Court). No legal advice |
| A–7 | 9/ 1/66 | White | Barry | Request for certified copies of registration |
| A–8 | 5/24/66 | Greenberg | White | Update on Patent Office action |
| A–9 | 5/11/66 | White | Greenberg | Transferred to privilege |
| A–10 | 5/ 5/66 | White | Barry | Direction to file applications in certain countries |
| A–11 | 5/ 3/66 | White | Wilcox | Request to register trademark on certain items |

* Enclosures not given to Court.
[3] Koratron Chicago attorney

**54**

| Number | Date | To | From | Reason |
|--------|------|-----|------|--------|
| A–12 | 3/21/66 | White | Wilcox | Transferred to privilege |
| A–13 | 2/14/66 | White | Barry | Transferred to privilege |
| A–14 | 2/11/66 | White | Wilcox | Request for update on Canadian business |
| A–15 | 1/13/66 | White | Barry | Notification of company's decision not to pursue certain registrations |
| A–16 | 11/18/65 | White | Hochstaedter | Quotations for conducting patent search |
| A–17 | 11/11/65 | White | Barry | Request for price quotations on certain foreign registrations |
| A–18 | 10/19/65 | Greenberg | White | Transmittal of certified copy of final judgment |
| A–19 | 9/ 9/65 | Delfosse | White | Transmittal of copies of certain patent applications |
| A–20 | 9/28/65 | Tartikoff, Tomaselli | White | Re business procedures—keeping of files |
| A–21 | 9/24/65 | Hochstaedter | Greenberg | Transferred to privilege |
| * A–22 | 9/20/65 | White | Barry | Transmittal of copies of manual |
| A–23 | 8/31/65 | White | Hochstaedter | Sets forth business information; request for legal advice incidental |
| A–24 | 8/13/65 | White | Delfosse | Re application numbers; not from firm management |
| A–25 | 8/27/65 | Delfosse | White | Re business arrangements—filekeeping |
| A–26 | 7/20/65 | White | Tartikoff | Request for catalogue of registration numbers |
| A–27 | 7/12/65 | White | Weil | Relay of business information obtained from third party |
| A–28 | 7/12/65 | White | Weil | Business information re re-billing |
| A–29 | 7/ 8/65 | White | Weil | Update on arbitration information received from third party |
| A–29A | 6/24/65 | Weil | White | Update on licensee's activities |
| * A–30 | 6/25/65 | Weil | White | Transmittal of letter received from third party |
| A–31 | 6/24/65 | White | Weil | Information for files—transmittal of magazine advertisements |
| A–32 | 6/22/65 | White | Weil | Transmittal of news release |
| A–33 | 6/ 4/65 | White | Kohinoor | Not from attorney to client or between attorneys |
| A–34 | 6/ 9/65 | Weil | White | Cover letter; transmittal of letter from third party |
| A–35 | 5/24/65 | White | Weil | Direction to file applications in certain foreign countries |
| A–35A | 5/18/65 | Weil | White | Business transactions re registering patent; price quotations |
| A–36 | 4/14/65 | Weil | White | Memorandum of discussion between White and third party; no legal advice included |
| A–37 | 4/13/65 | White | Hochstaedter | Request for business information |
| A–38 | 4/ 7/65 | Weil | White | Business advice re quality control; recordkeeping |
| A–39 | 3/15/65 | White | Hochstaedter | Discussion of terminology company is considering employing in business transactions |
| A–40 | 3/ 1/65 | White | Hochstaedter | Business matters re royalty payments |

* Enclosures not given to Court.

SCHEDULE A NON-PRIVILEGED (REVISED)—Continued

| Number | Date | To | From | Reason |
|---|---|---|---|---|
| A–41 | 2/16/65 | Delfosse | White | Transmittal of original copyright certificates |
| A–42 | 1/21/65 | Weil | White | Business information re research at Department of Agriculture |
| A–43 | 1/20/65 | White | Weil | Transmittal of press clipping |
| A–44 | 1/15/65 | White | Weil | Business information re letter to licensees |
| A–45 | 7/17/68 | Daus | White | Lawyer to lawyer but no legal material interchanged; recordkeeping transaction |
| A–46 | 7/15/68 | White | Daus | Transferred to privilege |
| A–47 | 7/10/68 | White | Hochstaedter | Transferred to privilege |
| A–48 | 10/23/61 | Moncharsh | White | Transferred to privilege |
| A–49 | 2/27/62 | Koret | White | Transmittal of original Letters Patent |
| A–50 | 3/ 1/65 | Delfosse | White | Notification of filing patent application |
| A–51 | 3/ 3/65 | Delfosse | White | Transmittal of patent application |
| A–52 | 3/ 9/65 | White | Delfosse | Acknowledgment of receipt of patent application |
| A–53 | 2/ 8/65 | Delfosse | White | Transmittal of patent application |
| A–54 | 4/24/64 | Hochstaedter | White | Notification of filing patent application |
| A–55 | 9/ 9/65 | Delfosse | White | Transmittal of recorded assignment |
| A–56 | 9/11/64 | White | Albertson | Acknowledgment of receipt of patent application |
| A–57 | 5/17/65 | Delfosse | White | Notification of filing patent application |
| * A–58 | 1/15/68 | Barry | White | Cover memo; matter referred to not given to Court |
| A–59 | 5/10/65 | Delfosse | White | Notification of filing patent application |
| * A–60 | 7/ 8/65 | Delfosse | White | Cover letter for patent application not given to Court |
| A–61 | 4/16/65 | Delfosse | White | Notification of filing patent application |
| A–62 | 12/15/65 | Hecklin | White | Notification of filing patent application |
| A–63 | 4/26/66 | Greenberg | White | Request for copy of contract for files |
| A–64 | 6/14/65 | White | Hochstaedter | Transferred to privilege |
| A–65 | 4/29/66 | Greenberg | White | Transferred to privilege |
| A–66 | 5/10/66 | Greenberg | White | Transferred to privilege |
| A–67 | 11/28/58 | Singer | Dehn [4] | Transmittal of documents |
| A–68 | 1/30/59 | Singer | Dehn | Request for instructions |
| A–69 | 3/26/59 | White | Singer | Notification of Examiner's action |
| A–70 | 5/28/59 | White | Singer | Request for instructions |
| A–71 | 7/31/59 | White | Singer | Request for instructions |
| A–72 | 8/ 5/59 | Singer | White | Update on progress of applications |
| A–73 | 7/ 1/59 | Singer | Dehn | Request for instructions |
| A–74 | 2/ 8/60 | Singer | Dehn | Request for instructions |
| A–75 | 3/17/60 | White | Singer | Request for instructions |
| A–76 | 3/24/60 | Singer | White | Update on progress of applications |
| A–77 | 4/ 4/60 | Singer | White | Description of Koratron's process-must be disclosed to Patent Office |
| A–78 | 4/18/60 | Dehn | Singer | Cover letter for technical information which must be disclosed to Patent Office |

* Enclosures not given to Court.
[4] British patent agent

SCHEDULE A NON-PRIVILEGED (REVISED)—Continued

| Number | Date | To | From | Reason |
|---|---|---|---|---|
| A–79 | 6/29/60 | Comptroller | Dehn | Reply to Patent Office |
| A–80 | 6/29/60 | Singer | Dehn | Update on progress of patent application |
| A–81 | 8/ 8/60 | White | Singer | Update on progress of patent application |
| A–82 | 8/ 9/60 | Dehn | Singer | Informational update; recordkeeping matters |
| A–83 | 8/12/60 | Singer | White | Request for cost quotations |
| A–84 | 8/15/60 | White | Singer | Transmittal of cost quotations |
| A–85 | 8/15/60 | Dehn | Singer | Direction re timing of application |
| A–86 | 8/18/60 | Singer | Dehn | Update on progress of patent application |
| A–87 | 8/24/60 | White | Singer | Update on progress of patent application |
| A–88 | 8/31/60 | Singer | Dehn | Notification of Patent Office actions |
| A–89 | 9/22/60 | White | Singer | Notification of Patent Office actions |
| A–90 | 10/28/60 | Singer | White | Direction to comply with Examiner's requests; technical information that must be disclosed to Patent Office |
| A–91 | 11/17/60 | Dehn | Singer | Instructions re patent application amendments; information which must be disclosed to Examiner |
| A–92 | 12/ 1/60 | Singer | Dehn | Request for technical information which must be disclosed to Patent Office |
| A–93 | 12/ 5/60 | Dehn | Singer | Transmittal of information which must be disclosed to Patent Office |
| A–94 | 12/29/60 | Singer | Dehn | Acknowledgment of receipt of prior letter; transmittal of records |
| A–95 | 1/ 4/61 | Dehn | Singer | Transmittal of records |
| A–96 | 1/10/61 | Singer | Dehn | Update on progress of patent application |
| A–97 | 4/ 4/61 | Singer | Dehn | Cover letter for correspondence from third party which was not given to Court |
| A–98 | 4/28/61 | Singer | White | Transferred to privilege |
| A–99 | 5/ 2/61 | White | Singer | Acknowledgment of prior correspondence; update on progress of patent application |
| A–100 | 5/ 3/61 | Dehn | Singer | Transferred to privilege |
| A–101 | 5/ 3/61 | Singer | White | Transferred to privilege |
| A–102 | 5/ 9/61 | Singer | Dehn | Update on progress of patent application |
| * A–103 | 5/12/61 | Singer | Dehn | Transmittal of correspondence from third party which was not given to Court |
| A–104 | 5/12/61 | White | Singer | Business matter re fixation of corporate seal |
| A–105 | 5/15/61 | Singer | White | Business matter re fixation of corporate seal |
| A–106 | 5/16/61 | Dehn | Singer | Transmittal of completed forms |
| A–107 | 5/23/61 | Singer | Dehn | Acknowledgment of prior correspondence |
| A–108 | 5/28/61 | Singer | White | Transferred to privilege |
| A–109 | 6/ 1/61 | Dehn | Singer | Transferred to privilege |
| A–110 | 6/ 6/61 | Tootal | Dehn | Letter to third party |
| A–111 | 6/ 6/61 | Singer | Dehn | Acknowledgment of prior correspondence; update on progress of patent application |
| A–112 | 6/13/61 | White | Singer | Update on progress of patent application |
| A–113 | 6/20/61 | Singer | White | Acknowledgment of prior letter |
| A–114 | 8/23/61 | Singer | Dehn | Transferred to privilege |

* Enclosures not given to Court.

SCHEDULE A NON-PRIVILEGED (REVISED)—Continued

| Number | Date | To | From | Reason |
|---|---|---|---|---|
| A–115 | 9/11/61 | Dehn | Singer | Transferred to privilege |
| A–116 | 9/14/61 | Singer | Dehn | Transferred to privilege |
| A–117 | 9/21/61 | White | Singer | Update on progress of patent application |
| * A–118 | 10/16/61 | Singer | Dehn | Cover letter for Comptroller's Decision which was not sent to Court |
| * A–119 | 10/19/61 | White | Singer | Cover letter for Comptroller's Decision which was not sent to Court |

SCHEDULE B NON-PRIVILEGED

| Number | Date | To | From | Reason |
|---|---|---|---|---|
| * B–1 | 7/ 5/66 | Koratron | White | Transmittal of original of assignment filed in Patent Office |
| * B–2 | 9/ 6/66 | Koratron | White | Transmittal of original of Letters Patent |
| B–3 | | | White | Rough draft in duplicate of '432 application: basically contains information that must be disclosed to Patent Office |
| B–4 | 9/18/64 | Koratron | Quigley | Communication between businessmen |
| B–5 | 12/24/54 | Moncharsh | White | Privilege waived—Pleetset |
| B–6 | 1/19/55 | Moncharsh | White | Privilege waived—Pleetset |
| B–7 | 10/12/56 | White | Patent Office | Patent examiner's decision |
| B–8 | 3/57 | Patent Office | White | Traverse to patent examiner's finding |
| B–9 | 10/12/56 | White | Patent Office | A copy of patent examiner's finding |
| B–10 | | | | Copies of documents on file with Patent Office |
| B–11 | 11/ 7/57 | Taylor | McLennan | Housekeeping communication between non-lawyers re photostats for files |
| B–12 | 7/31/68 | Daus | Nunnally | Confirmation of conformance with client's request to abandon application |
| B–13 | | Koratron | White | Schedules of filing fees in certain foreign countries |
| B–14 | 10/17/66 | White | Wilcox | Acknowledgment of receipt of original Certificate of Registration |
| * B–15 | 10/13/66 | Greenberg | White | Transmittal of original Certificate of Registration |
| * B–16 | 10/19/66 | Greenberg | White | Transmittal of original instrument of assignment recorded in Patent Office |
| B–17 | 6/29/67 | White | Leavitt | Business information; communication from non-control group person |
| B–18 | 8/13/68 | Geriak | Daus | Request to obtain information from FTC |
| B–19 | 9/ 9/68 | Geriak | Daus | Transmittal of original of affidavit |
| B–20 | 8/30/68 | Daus | Geriak | Transmittal of information obtained from FTC |
| B–21 | | FTC | Daus | Copy of affidavit sent to FTC |
| * B–22 | 9/16/68 | Geriak | Daus | Office housekeeping: statement that numerous certified copies of patent office registrations are on hand in files |
| * B–23 | 9/25/68 | Olson | Daus | Mostly factual information: re dates and numbers of registrations and filings in South America |

* Enclosures not given to Court.

SCHEDULE B NON-PRIVILEGED—Continued

| Number | Date | To | From | Reason |
|---|---|---|---|---|
| B–24 | 7/ 17/68 | Geriak | Daus | Request for copies of certain Belgian patents |
| B–25 | 6/26/63 | White | Hochstaedter | Disclosure of date of first use of Koratron trademark—should be public information |
| B–26 | 6/24/63 | Weil | White | Acknowledgment of receipt of information that must be included in trademark application and request for more such information |
| B–27 | 10/29/62 | Hochstaedter | White | Notification of client by attorney of Patent Office action on trademark (Koratron) application |
| B–28 | 11/30/65 | Koratron | White | Schedule of filing costs in certain foreign countries |
| B–29 | 10/13/66 | Greenberg | White | Transmittal of original Certificate of Registration |
| B–30 | 10/30/68 | Owen | Daus | Request for certified copy of assignment of mark from Koret to Koratron |
| * B–31 | 8/21/64 | Hochstaedter | White | Transmittal of Powers of Attorney |
| B–32 | 2/ 5/64 | Hochstaedter | White | Schedule of numbers and dates of filing in foreign countries |
| B–33 | 2/11/64 | Hochstaedter | White | Notification of client by attorney of Patent Office action |
| B–34 | 2/20/64 | Hochstaedter | White | Schedule of filing costs in certain foreign countries |
| B–35 | 7/23/64 | Hochstaedter | White | Schedule of filing costs in certain foreign countries |
| B–36 | 7/16/63 | Weil | White | Notification of filing dates of applications in certain foreign countries |
| B–37 | 11/12/63 | Hochstaedter | White | Notification of filing dates of applications in certain foreign countries |
| * B–38 | 11/29/63 | Weil | White | Transmittal of power of attorney |
| B–39 | 12/ 2/63 | Hochstaedter | White | Schedule of filing costs in certain foreign countries |
| B–40 | 11/22/63 | Hochstaedter | White | Transmittal of affidavit to be submitted to Patent Office |
| B–41 | 12/30/63 | Hochstaedter | White | Notification of client by attorney of Patent Office action on trademark affidavit |
| * B–42 | 11/21/63 | White | Hochstaedter | Statement that company intends to renew Koraset mark |
| B–43 | 12/31/64 | Tomaselli | White | Request for information that would eventually have to be disclosed to Patent Office |
| B–44 | 12/ 8/64 | Weil | White | Transmittal of copies of patents and information on file with Patent Office |
| B–45 | 11/20/64 | White | Hochstaedter | Secretary's acknowledgment of receipt of patent number |
| B–46 | 11/ 4/64 | Weil | White | Transmittal of public information obtained from Department of Agriculture |
| B–47 | 10/15/64 | White. | Koratron | Acknowledgment of receipt of Letters Patent |
| * B–48 | 10/14/64 | Hochstaedter | White | Transmittal of instrument of assignment and notification of its recordation in Patent Office |

* Enclosures not given to Court.

SCHEDULE B NON-PRIVILEGED—Continued

| Number | Date | To | From | Reason |
|---|---|---|---|---|
| * B–49 | 10/14/64 | Hochstaedter | White | Transmittal of instrument of assignment and notification of its recordation in Patent Office |
| * B–50 | 10/ 5/64 | White | Weil | Content unascertainable—enclosure missing |
| * B–51 | 9/15/64 | White | Delfosse | Transmittal of letter written between businessmen—the letter is missing |
| * B–52 | 8/ 4/64 | Hochstaedter | White | Transmittal of copies of application papers and prosecution rejections and responses—these documents are missing |
| B–53 | 7/21/64 | Hochstaedter | White | Transmittal of original instrument of assignment recorded in Patent Office |
| B–54 | | Koratron | White | Schedule of filing costs in certain foreign countries |
| * B–55 | 7/14/64 | White | Delfosse | Transmittal of Powers of Attorney |
| * B–56 | 5/ 4/64 | White | Moncharsh | Transmittal of original and duplicate of a number of instruments of assignment—these instruments are missing |
| B–57 | 4/29/64 | Hochstaedter | White | Information concerning procedures and costs for continually checking the issuance of new patents and filings in foreign countries |
| B–58 | 4/15/64 | Hochstaedter | White | Transmittal of dates and numbers of filing certain applications in foreign countries |
| B–59 | | Koratron | White | Schedule of filing costs in certain foreign countries |
| * B–60 | 2/ 6/64 | White | Hochstaedter | Acknowledgment of receipt of original certificate of registration |
| * B–61 | 2/ 4/64 | Hochstaedter | White | Transmittal of original certificate of registration of Koratron trademark |
| B–62 · | 2/ 4/64 | Hochstaedter | White | Schedule of filing costs in certain foreign countries |
| B–63 | 2/ 4/64 | Hochstaedter | White | Listing of numbers and dates of certain foreign filings |
| * B–64 | 9/ 4/63 | White | Hochstaedter | Transmittal of letter written between businessmen—letter not enclosed |

* Enclosures not given to Court.