**FOSECO INTERNATIONAL LIMITED, Plaintiff,**

v.

**FIRELINE, INC., et al., Defendants.**

Civ. A. No. C80–595A.

United States District Court,
N. D. Ohio, E. D.

March 1, 1982.

Hal D. Cooper, Robert C. Kahrl, Jones, Day, Reavis & Pgue, Cleveland, Ohio, John J. McArdle, Jr., Stephen G. Rudisill, Leydig, Voit, Osann, Mayer & Holt, Ltd., Chicago, Ill., for plaintiff.

Wayne D. Porter, Jr., Burge & Porter Co. LPA, Cleveland, Ohio, for Fireline, Inc.

Chester E. Gordon, Lakewood, Ohio, for Gallis, Inc. and Randall Gallatin.

## ORDER

CONTIE, District Judge.

Pending before the Court in the above-captioned case is the defendants' motion to compel responses to interrogatories, production of documents, confidential inspection of documents, proper responses to requests for admissions and for an award of attorney's fees. The Court has, by Order dated January 29, 1982, previously ruled on the defendants' motion in regard to all issues except documents disputed under defendants' second set of interrogatories 3(f) and 3(j). The defendants' request, in the form of interrogatories, seeks identification and detailed description of the contents of all documents relating to the prosecution of the patent in suit. The purpose for which the defendants seek identification and detailed description of such documents is to determine which documents should be properly requested to be produced. The plaintiff has submitted an identification list, together with a brief description of docu-

ments, but has refused to detail their contents on the basis of its claim of attorney-client privilege.

In order to determine the validity of plaintiff's claim of privilege the Court ordered, on January 29, 1982, that these documents be submitted to the Court for an in-camera inspection. The plaintiff has submitted the documents and the Court has reviewed them. Upon consideration and for the reasons stated below, the Court hereby denies in part and grants in part the defendants' motion to compel with regard to defendants' second set of interrogatories 3(f) and 3(j).

■ The most quoted definition of the attorney-client privilege is Judge Wyzanski's from *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357 (D.Mass. 1950):

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

Thus, the privilege covers communications between an attorney and client that concern legal assistance and advice whether the communication was initiated by the attorney or client and whether the request for such advice or assistance was implied or express. *Hercules Inc. v. Exxon Corp.*, 434

F.Supp. 136, 144 (D.Del.1977). Communications made in the routine course of business, however, such as transmittal letters or acknowledgment of receipt letters, which disclose no privileged matters and which are devoid of legal advice or requests for such advice are not protected. *Jack Winter, Inc. v. Koratron Co., Inc.* 54 F.R.D. 44 (N.D.Cal. 1971); *Duplan Corp. v. Deering Milliken, Inc.*, 397 F.Supp. 1146 (D.S.C.1975).

The documents submitted to the Court have been separated into two groups, group I and group II. The plaintiff claims the attorney-client privilege with respect only to the group II documents on the condition that disclosure of the group I documents will not waive its claimed privilege. In reviewing group I, the Court finds that these documents are transmittal letters and acknowledgment of receipt letters. As stated previously, such communications are not privileged because legal advice or assistance are not requested or delivered. The Court finds, therefore, that disclosure of the documents contained in group I to the defendants shall be made upon defendants' request.[1]

Turning next to the group II documents, after having reviewed the contents of these documents, the Court finds three sets of communications that the plaintiff claims are protected: 1) communications between Foseco employees and Foseco's U. S. patent counsel, Leydig, Voit, Osann, Mayer & Holt, Ltd.; 2) communications between plaintiff's U. S. patent counsel and local counsel in Washington, D. C.; and 3) communications between Foseco's British patent agent, Sentap Limited, and Foseco's U. S. patent counsel. Majority of the documents are communications between the British patent agent and the U. S. patent counsel and all of the communications concern the prosecution of four U. S. patents that have led to the patent in suit.[2]

---

**1.** Attached to plaintiff's memorandum submitted with the disputed documents, the plaintiff lists the documents in group II. Reference to this list will identify which documents are contained in group I.

**2.** The plaintiff points out that document 112, dated May 18, 1976 was written by an officer of

Foseco, Inc., to a member of plaintiff's in-house patent department with copies to plaintiff's British patent agent and plaintiff's U. S. patent counsel. The communication was made for the purpose of correcting information given to those who received a copy of the letter in the

■ All of the communications deal with the legal assistance of Foseco's U. S. patent counsel in the processing of legal proceedings on behalf of the plaintiff. The plaintiff has claimed its privilege and has not waived the same. The Court finds, therefore, that the communications are protected by the asserted attorney-client privilege so long as the communications concern confidential information not available to third parties.

■ First of all, the Court finds that the communications between Foseco's employees and Foseco's U. S. patent counsel were confidential communications and, therefore, protected. *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). Second, the Court finds that the communications between Foseco's U. S. patent counsel and local counsel in Washington, D. C. were confidential communications and, therefore, subject to the attorney-client privilege protection. *Burlington Industries v. Exxon Corp.*, 65 F.R.D. 26 (D.Md.1974); *Hesselbine v. VonWedel*, 44 F.R.D. 431 (W.D.Okla.1968). The Court is more troubled, however, with the communications between Foseco's U. S. patent counsel and Foseco's British patent agent.

Within plaintiff's memorandum that was submitted with the documents to be inspected in camera, the plaintiff states that the plaintiff Foseco frequently used its outside British patent agent, Sentap Limited, as its agent in dealing with patent counsel in other countries, including the United States. Thus, the communications claimed to be privileged were not directly between the plaintiff and plaintiff's attorney; the communications were between a third party acting on behalf of the plaintiff and plaintiff's attorney.

■ The claim of attorney-client privilege concerning communications to and from patent agents has been discussed by several courts. Generally, communications between a patent agent and a *client*, where the patent agent is handling the matter on

an independent basis, are not privileged. *Sneider v. Kimberly-Clark Corp.*, 91 F.R.D. 1 (N.D.Ill.1980); *Mead Digital Systems v. A. B. Dick Co.*, 89 F.R.D. 318 (S.D.Ohio 1980); *See also, Hercules, Inc. v. Exxon Corp.*, 434 F.Supp. 136 (D.Del.1977). Communications between a patent agent and a client may be privileged, however, where the patent proceeding is before the United States Patent Office and the patent agent is registered with that office, *In Re Ampicillin Antitrust Litigation*, 81 F.R.D. 377, 392–93 (D.D.C.1978), or where the patent agent is acting at the direction or control of an attorney as the agent of the attorney. *Congoleum Industries, Inc. v. G.A.F. Corp.*, 49 F.R.D. 82 (E.D.Pa.1969), *aff'd*, 478 F.2d 1398 (3 Cir. 1973).

■ Communications between foreign patent agents and a foreign corporation concerning the prosecution of a foreign patent are privileged if such privilege is recognized under the law of the foreign country in which the patent application is filed. *In Re Ampicillin Antitrust Litigation*, 81 F.R.D. 377, 392 (D.D.C.1978); *Duplan Corp. v. Deering Milliken, Inc.*, 397 F.Supp. 1146 (D.S.C.1975). Further, communications between an attorney and a patent agent, foreign or domestic, are privileged where the patent agent is acting under the direction and control of an attorney as his agent. *Hercules, Inc. v. Exxon Corp.*, 434 F.Supp. 136 (D.Del.1977); *Jack Winter, Inc. v. Koratron Co., Inc.*, 54 F.R.D. 44 (N.D.Cal.1971); *Congoleum Industries, Inc. v. G.A.F. Corp.*, 49 F.R.D. 82 (E.D.Pa.1969), *aff'd*, 478 F.2d 1398 (3d Cir. 1973).

In the present case, the communications claimed to be privileged are not communications between a patent agent and client nor between an attorney and a patent agent acting as the agent of the attorney. Rather, the communications are between the plaintiff's U. S. patent counsel and plaintiff's British patent agent acting on behalf of the plaintiff.

Two relevant facts are important to the resolution of this issue. First, the plaintiff

---

process of obtaining legal assistance. As such, the Court will consider this communication to

have been made between Foseco and its U. S. patent counsel.

is a British corporation. Second, the plaintiff uses its British patent agent to process patent applications in countries outside of Great Britain. In analysing these factors, the Court finds that these communications are in essence communications between the client and the client's attorney. The British patent agent acted at the direction and control of the plaintiff. Further, through the agency of its patent agent, the plaintiff sought from the U. S. patent counsel legal advice and assistance concerning a United States patent application proceeding. Had the communications been made between the plaintiff and its U. S. counsel, the privilege would have attached.

■ The Court finds that, given the purpose of the attorney-client privilege to encourage full and frank communication between attorneys and their clients, the communications made between Foseco, through its patent agent, and its U. S. patent counsel are privileged. The communications involved in this case were made in furtherance of the rendition of professional legal services to the client and were reasonably necessary for adequate legal assistance. *See Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *Duplan Corp. v. Deering Milliken, Inc.*, 397 F.Supp. 1146, 1163–64 (D.S.C.1974). The Court finds, therefore, that the communications between plaintiff's British patent agent and plaintiff's U. S. patent counsel were confidential communications protected by the attorney-client privilege.[3]

Accordingly, the Court hereby orders that the documents submitted to the Court by the plaintiff, labeled group I, shall be disclosed to the defendants upon request. Further, the Court hereby orders that the documents submitted to the Court, labeled group II, are protected by plaintiff's claim of attorney-client privilege and, therefore, need not be disclosed to the defendants.

IT IS SO ORDERED.

**3.** Inasmuch as the Court has found that the documents in group II were privileged, it is not necessary to deal with the work product claim. Further, given the nature of the communica-

tions in group I, the Court finds that these documents are not protected by the work product doctrine, Federal Rules of Civil Procedure, Rule 26(b)(3).