**McNEIL–PPC, INC., Plaintiff,**

v.

**The PROCTER & GAMBLE COMPANY, Procter & Gamble Distributing Company, and Procter & Gamble Paper Products Company, Defendants.**

**Civ. A. No. 90–B–2029.**

United States District Court,
D. Colorado.

Jan. 25, 1991.

Philip S. Johnson, Dianne B. Elderkin, and Lynn B. Morreale, Philadelphia, Pa., and Frederick J. Baumann, Denver, Colo., for plaintiff.

Allen H. Gerstein, Carl E. Moore, Jr., Anthony Nimmo, Howard S. Fuhrman, Jeffrey S. Sharp, Chicago, Ill., and H. Thomas Coghill, and Paul E. Goodspeed, Denver, Colo., for defendants.

## ORDER

DONALD E. ABRAM, United States Magistrate Judge.

This matter comes before this Court on a Motion to Compel Discovery Regarding Preparation and Prosecution of the Patent–in–Suit. Defendants sought this motion after Defendants sought to depose Jason Lipow, the patent counsel for Plaintiffs. Mr. Lipow had written and prosecuted the application for the U.S. Patent No. 4,217,901 (the *Bradstreet* patent). During this deposition Lipow had refused to answer several questions claiming the privileges of work product and attorney-client privilege. Further, Defendants assert that the Plaintiffs have taken pages from the "file wrapper." Defendants seek these missing pages and to compel answers from Mr. Lipow regarding his knowledge of the *Bradstreet* patent. Defendants assert that the attorney-client privilege and the work product privilege are not a bar to the information that Defendants seek.

Pursuant to Rule 602 of the Local Rules of Practice of the United States District Court for the District of Colorado, this matter has been referred to Magistrate Judge Donald E. Abram. Magistrate Judge Abram has reviewed the law and the briefs submitted by both parties and hereby makes the following order.

## THE SUBJECT OF THE PRIVILEGES

During the deposition, the attorney for the Plaintiffs, Mr. Johnson objected on the basis that the questions called for mental impressions opinions or conclusions with respect to relative contributions. Counsel for the Plaintiffs also objected on the basis of the attorney-client privilege that the questions would reveal a confidence of Mr. Lipow's client, Johnson & Johnson, McNeil–PPC, as Mr. Lipow represented Johnson and Johnson in obtaining the "Bradstreet" patent. Counsel also objected on the basis of work-product privilege, that the knowledge that the patent attor-

ney has in answering the question is a present day knowledge and he is not sure of what his knowledge was at the time of the patent. This Court has reviewed the objections of the Plaintiff's counsel and have found that those portions of the record which refer to objections by Plaintiffs. Of the objections set forth, this Court finds that Plaintiff's are only in part correct that Mr. Lipow could not answer questions which would reveal an attorney client privilege or violate the work product privilege.

■ After reviewing the caselaw in the area of patent applications and the attorney-client privilege, this Court has found that the federal courts have taken a variety of positions on this issue. This Court has grouped these positions into two categories. In the first category of cases, several courts have held that the communication between patent attorney and client does not become privileged merely because the information is processed through the attorney. These Courts have held that where there was a duty to disclose all information in the patent application, that communication and information which was open does not become privileged merely because it was between the attorney and the client. In the second category of cases, other courts have held that the attorney-client privilege always applies to any communications between patent attorney and client as long as it is for legal advice. These courts have held that even though the attorney has a duty of candor in his patent application,[1] the communication between the attorney and his client is what is protected and not the information within. Therefore, under this theory, the requirement of candor does not destroy the attorney-client privilege.

## PARTIAL PATENT ATTORNEY–CLIENT PRIVILEGE

Several Courts have held that the attorney-client privilege does not apply to factu-

al information which was communicated so that the attorney could disclose it in a patent or trademark application. These Courts have held that the privilege only applies to communications which were given and concerned primarily with giving legal guidance to the client not involving the patent or trademark application. Judge Doyle of the District of Colorado District Court sitting by designation in the Northern District of California wrote two opinions on what was privileged in the attorney-client relationship in patent litigation. He stated in his first opinion,

Much of the information passing from client to attorney for purposes of preparation of patent application is technical material relating to descriptions of the products and/or processes sought to be patented, explanations of prior art, public use and sale, and samples of the product. So also in connection with the examination there is no room for game playing or withholding. As we view it, the attorney exercises no discretion as to what portion of this information must be relayed to the Patent Office. He must turn *all* such factual information over in full to the Patent Office pursuant to 35 U.S.C. § 112, and hence with respect to such material he acts as a conduit between his client and the Patent Office. As to all such matters it is concluded that a basic element required for the assertion of an attorney-client privilege is absent—that is, a communication not for relay but for the attorney's ears alone.

*Jack Winter, Inc. v. Koratron Co.*, 50 F.R.D. 225 (N.D.Cal.1970). (Hereafter *Jack Winter I*).

In a second decision involving the same parties, Judge Doyle went on to clarify what he stated in *Jack Winter I*. He stated,

Generally, when factual information was communicated so that the attorney could disclose it in a patent or trademark application, the communication was viewed as non-privileged. On the other hand, doc-

---

1. Patent Attorneys by both caselaw and under existing statutes have been required to exercise full and complete candor and good faith in their dealings with the PTO. *Kingsland v. Dorsey*, 338 U.S. 318, 70 S.Ct. 123, 94 L.Ed. 123 (1949); 37 C.F.R. 1.56 (1982).

uments containing considerable technical factual information but which were nonetheless primarily concerned with giving legal guidance to the client were classified as privileged. In other words, doubts have been resolved in favor of the privilege.

*Jack Winter, Inc. v. Koratron Co.,* 54 F.R.D. 44, 46 (N.D.Cal.1971) (hereafter *Jack Winter II*).

The Court also classified the types of documents which would be non-privileged. These include:

(1) Client authorizations to file applications and take other steps necessary to obtain registration;

(2) Papers submitted to the Patent Office;

(3) Compendiums of filing fees and requirements in the United States and foreign countries for various types of applications;

(4) Résumés of applications filed and registrations obtained or rejected (including dates and file or registration numbers);

(5) Technical information communicated to the attorney but not calling for a legal opinion or interpretation and meant primarily for aid in completing patent applications;

(6) Business advice such as that related to product marketing; and Communications whose confidentiality [the person seeking the privilege] has waived.

*Id.* at 47 (citations omitted).

In the *Ashland Oil Inc. v. Delta Oil Products Corporation,* 209 USPQ 151, 152 (E.D.Wis.1979), the Court discussed the applicability of the attorney-client privilege when it comes to patents. The Court discussed how the *Natta v. Zletz,* 418 F.2d 633, 163 USPQ 675 (7th Cir.1969) applied to the area of patent law and stated that even though *Natta* stated that even though " 'the disclosure policies of the patent laws do not preclude the proper application of the attorney-client privilege,' " "this broad principle does not foreclose recognition of the technical information exception to the attorney-client privilege in the patent law area." *Ashland Oil Inc.,* 209 USPQ at

152. (citing to *Natta* ). The Court discussed the theories for limiting the attorney-client privilege and stated, "The conduit theory rests on the rule that a document that is not privileged in the client's hands does not become so merely because it is given to an attorney." The Court held that if the information was meant primarily for aid in completing patent applications, then the information would not fall under the attorney-client privilege. The Court stated,

The Parameters of the technical information exception were stated in the district court's second opinion in the Jack Winter case: 'Technical information communicated to the attorney but not calling for a legal opinion or interpretation and meant primarily for aid in completing patent applications.'. Applying these boundaries to the subject documents. I have concluded that the following two documents are not privileged and must therefore be disclosed....

*Id.* at 153 (citation omitted). *See also, Howes v. Medical Components Inc.,* 7 USPQ2d 1511, 1512, 1988 WL 15191 (E.D. Pa.1988).

Under this theory any question relating to the original patent application and the thoughts, discussions, advice etc. would be discoverable as to that limited subject unless it was for the a legal opinion aside from the application. Furthermore, if the party has a present impression as to what he believed at that time, that information would be discoverable. As to counsel, advice, and discussions etc. after the application had been filed, such communications would fall under the protection of the attorney-client privilege.

### COMPLETE PATENT ATTORNEY–CLIENT PRIVILEGE

A second line of reasoning has developed rejecting the Jack Winter Decisions. In *FMC Corp. v. Old Dominion Brush Company,* 229 USPQ 150, 151, 1985 WL 5983 (W.D.Mo.1985), the Court stated, "the attorney-client privilege protects *communications* from a client to its counsel, not the

information contained in the communication. "The expectation of confidentiality applies to the communication, but not to the information contained in the communication.'" *Id.* (citation omitted). *See also, Minnesota Mining and Mfg. Co. v. Ampad Corp.,* 7 USPQ2d 1589, 1590–91 (D.Mass. 1987); *Research Corp. v. Gourmet's Delight Mushroom Co.,* 560 F.Supp. 811, 820 (E.D.Pa.1983); *Burlington Industries v. Exxon Corporation,* 65 F.R.D. 26, 34–35 (D.Md.1974); *Eutectic Corporation v. Metco, Inc.,* 61 F.R.D. 35, 40 (E.D.N.Y.1973).

The Court in *FMC Corp.* went on to quote *Knogo Corp. v. United States,* 213 USPQ 936, 940–41 (Ct.Cl.1980). In *Knogo,* the Court stated,

> The attorney is not a mere conduit for either the client's communications containing the technical information or the technical information itself. He does not file his clients's communications with the Patent Office. He does not file transcripts of his conversations with the client regarding technical matters and then await the issuance of a patent, yet this is the impression one derives from a reading of the Jack Winter view.

> The reality of the cooperative effort put forth by the inventor and the attorney is far different from the Jack Winter portrayal. The technical discussions between attorney and client enable the attorney to extract from this information one or more patentable inventions. The attorney then drafts one or more patent applications in accordance with the requirements of the federal statutes and regulations. The attorney "has no duty to transmit information which is not material to the examination of the application." 37 C.F.R. § 1.56(b) (1979). The application for patent is reviewed by the client, and once approved, it is signed by the client and then filed in the Patent Office by the attorney on behalf of the client. The signed, sworn, and filed application might be considered a communication for relay and not for the attorney's ears alone, but the same cannot be said about the technical communications which preceded the signed, sworn, and filed patent application.

*Id.*

The Court in *FMC Corp.* went on to hold that "technical information in Document No. 57 is not protected from discovery so long as it is sought through a discovery technique that does not require revealing an attorney-client communication." *FMC Corp.,* 229 USPQ at 152. Under this theory, discovery of the information can only be obtained through means outside the attorney-client communication.

## ATTORNEY–CLIENT PRIVILEGE

■ After a review of the cases above, this Court finds that the decisions of Judge Doyle were sound and that there is limited binding effect on this Court to follow the judgment of Judge Doyle since at the time of this decision, Judge Doyle was a District Court Judge for Colorado sitting by designation in California. Because the patent attorney had a duty of disclosure at the time of the patent application, to that limited extent, this Court holds that the communications involved in processing the patent application are discoverable and that the attorney-client privilege is not a bar to discovery of this evidence. The theory behind the attorney-client privilege would not be destroyed by allowing such discovery as it will be expected that the client and the attorney will make such a full disclosure at the time of the application. This is dissimilar to other types of attorney representation where disclosure between the client and attorney may be hindered by the clients fear of subjecting him or herself to liability. There is no such concern in this type of situation. The patentee will be expected to make such full disclosure as is required to fill out the patent application. This is not a situation where the lack of attorney-client privilege would prevent disclosure or communications between attorney and client. It is therefore the opinion of this Court that such communications, if not for the purpose of giving legal advice outside the context of the patent application, should be discoverable for purposes of

this litigation and the protections of the attorney-client privilege should not apply.

## WORK PRODUCT PRIVILEGE

■ Plaintiffs further assert that the information sought by the Defendants is protected under the work product privilege. Apparently Plaintiff's assert this privilege claiming that many of the questions asked in the deposition pertained to Mr. Lipow's understanding at the time of the deposition and not at the time of the patent application. To the extent, the defendant's are seeking the witness's present knowledge as an expert for the Plaintiffs, that information is not discoverable. However, if the information that is sought is regarding what was understood at the time of the application, this question is not protected by the work product privilege. In *Oak Industries v. Zenith Electronics Corporation*, 687 F.Supp. 369, 374 (N.D.Ill.1988), the Court stated,

> Here, Zenith seeks discovery of McEachran's thought processes with respect to the original patent application and the later reexamination. As far as the application, we believe that any impressions or thoughts he had regarding the drafting or handling of the original application are too distant in time to be characterized as having been made "in anticipation" of litigation.... We decline to hold, as a general rule, that an attorney's thoughts and theories regarding the preparation of a patent application are always protected by the work product privilege. Therefore, we hold that Zenith may inquire into the mental impressions and legal theories McEachran had formulated in connection with the patent application.

*Id.*

In *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co.*, 132 F.R.D. 204, 212 (N.D.Ind.1990), the Court stated,

> The work product immunity has been held not to apply to the preparation of a patent application for the reason that it is too distant in time to be considered as having been made "in anticipation" of litigation. Further, a patent is obtained

in an *ex parte* proceeding and until that proceeding becomes adversarial in nature the work product rule has no application. *Id.* (citations omitted, emphasis in original). *See also, Bulk Lift International, Inc., v. Flexcon & Systems, Inc.*, 122 F.R.D. 482, 491 (W.D.La.1988).

■ If there is a question regarding the thoughts and theories regarding the preparation of the patent, these are not protected by the work product privilege. Further, if the witness's recollection is refreshed during the deposition, the parties deposing the witness are entitled to that recollection. The witness cannot hide behind a protection of "present day" knowledge. This case is different then the normal present recollection revived. Under, the normal case of reviving past recollection, if the knowledge (not the *memory* of what was known) is brought back by reviewing a document, that knowledge will be discoverable.

In this case Plaintiff's are suggesting that if the knowledge is brought back, it is no longer discoverable because now it is work product of the attorney. Because this Court finds that the original knowledge was discoverable and that the work product privilege does not apply, a recognition of present knowledge which would have been understood at the time of the patent application will also be discoverable.

It would be illogical to hold that merely because the party's knowledge is "present day" knowledge it is now privileged. Further, this would allow for a lot of abuse by the witness. A witness's memory at the time of the incident will always be clouded by present day memory. If the witness after reviewing the document has a knowledge of what could have been meant at the time of the patent application, the witness should answer the question.

IT IS THEREFORE ORDERED that any further depositions involving a patent attorney be taken in accordance with the findings above, that the attorney-client privilege does not apply to advice and technical information involving the original patent application. However, advice given to the client which is legal advice given for a

purpose other than the patent application will be privileged under the attorney-client privilege. Pursuant to the Magistrate's previous order, counsel should prepare the witness for the deposition. If the witness's recollection is refreshed during that deposition, the party deposing the witness is entitled to that recollection.