**Evelyn T. SEDLACEK, on Behalf of herself and all others similarly situated, Plaintiff,**

v.

**MORGAN WHITNEY TRADING GROUP, INC., et al., Defendants.**

**No. CV–90–5124–RSWL(Sx)**

United States District Court, C.D. California.

Jan. 31, 1992.

Thomas F. Edwards, III, in pro per.

Kathleen Russell, in pro per.

Carol A. Samek, Stroak & Lavan, for defendant Safrabank.

Richard M. Heimann, Lieff Cabraser & Heimann, Douglas D. Shaffer, Law Offices of Sanford Gage, for plaintiffs.

## ORDER

LEW, District Judge.

Plaintiff in the above captioned action has moved for review and reconsideration of Magistrate Judge Stone's order. Defendant Safrabank timely opposed the motion. The matter was set and oral argument was heard on November 25, 1991 at 9:00 a.m.

After oral argument, the Court took the matter under submission. Now having reviewed all the papers filed in support of and in opposition to the motion, and having considered the arguments raised orally at the hearing, the Court hereby issues the following order:

Plaintiff's motion for reconsideration of Magistrate Judge Stone's October 4, 1991 order is GRANTED. The matter is RE-COMMITED to the magistrate judge to make rulings consistent with this order.

### I. *Background*

On October 4, 1991, Magistrate Judge Stone issued a discovery order granting Defendant Safrabank's motion to compel Plaintiff Sedlacek's further production of documents. Plaintiff now moves for review and reconsideration of the magistrate judge's October 4 order (the "Order") pursuant to the Local Rules Governing Duties of Magistrate Judges. Safrabank opposes the motion.

### II. *Local Rules Governing Duties of Magistrate Judges: Local Rule 3.3.01*

Under the Local Rules Governing the Duties of Magistrate Judges, Rule 3.3.01 encompasses the standard for review and reconsideration of a magistrate judge's order. The rule provides in part that a party aggrieved by a magistrate judge's order may file for review and reconsideration of that order, indicating the portions thereof that the party contends are clearly erroneous or contrary to law.

### III. Discussion

In her motion, Plaintiff contends that Magistrate Judge Stone's Order was clearly erroneous and contrary to law in its overruling of Plaintiff's joint prosecution privilege and attorney work product objections to Safrabank's document requests. Plaintiff contends that the joint prosecution privilege and the attorney work product doctrine should protect from disclosure the challenged documents.

The challenged document requests seek documents which involve communications between Class Counsel and other civil litigants and government agencies prosecuting and/or investigating common litigation opponents. Specifically, the document requests challenged by Plaintiff are:

Document Request No. 21: Each and every document which constitutes or otherwise refers to any communication between you and Goodell, Stratton, Edmonds & Palmer, or any representative thereof, which communication concerned any of the events and happenings which are the subject of the Complaint;

Document Request No. 23: Each and every document which constitutes, reflects, or otherwise refers to any communications between you and the Federal Trade Commission, which communication concerned any of the events and happenings which are the subject of the Complaint;

Document Request 25: Each and every document which constitutes, reflects, or otherwise refers to any communications between you and any federal or state agency or regulatory authority (other than the Federal Trade Commission and the Securities and Exchange Commission), which communication concerned any of the events and happenings which are the subject of the Complaint.

In making his ruling, the magistrate judge stated that the Ninth Circuit has not adopted the joint prosecution privilege, and

therefore he overruled Plaintiff's objections based on the privilege. He also stated that Plaintiff failed to furnish him with sufficiently detailed information upon which to apply the work product doctrine or the *Sporck* rule to protect production of documents which might embody the mental impressions, conclusions, opinions or legal theories of Class Counsel. The Court will consider each of the magistrate judge's rulings in turn.

### A. Joint Prosecution Privilege

■ The magistrate judge determined that the joint prosecution standard did not apply and thus objections based on the privilege would be overruled. The magistrate judge specifically relied on *In re California Public Utilities Commission*, 892 F.2d 778 (9th Cir.1989) in making this ruling, intimating that *In re C.P.U.C.* stood against adoption of the privilege. Applying the clearly erroneous or contrary to law standard to this determination, the Court finds that this ruling was contrary to law.

First, the magistrate judge's reliance on *In re C.P.U.C.* was misplaced. That case does not address the issue of whether the joint prosecution privilege should or should not be adopted in this Circuit. Rather, the case only addresses the issue of whether a non-party to a suit can assert the work product doctrine. Thus, *In re C.P.U.C.* is inapposite to the issue that was before the magistrate judge and was not a proper basis for overruling Plaintiff's objections.

With that in mind, the Court finds that while the Ninth Circuit has not yet had the opportunity to affirmatively adopted a "joint prosecution" privilege, a refusal to apply the privilege was also error. The Circuit has adopted the joint defense privilege for cooperating defendants. *See, e.g., United States v. Zolin*, 809 F.2d 1411, 1417 (9th Cir.1987). The Court feels that to be consistent cooperating plaintiffs must be extended that same privilege. Otherwise, cooperating defendants would be situated better than their plaintiff counterparts.

This approach has been adopted by other circuits. For example, in *In re Grand Jury Subpoenas, 89–3 and 89–4, John Doe 89–129*, 902 F.2d 244 (4th Cir.1990), the Fourth Circuit held that "[w]hether an action is ongoing or completed, *whether the jointly interested persons are defendants or plaintiffs*, and whether the litigation or potential litigation is civil or criminal, the rationale for the joint defense rule remains unchanged: persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims" (emphasis added). *Id.*, at 249. The court further held that the privilege is not limited to co-parties. *Id.*

In order to ensure that inequities in discovery are not established in cooperating defendants' favor, it is necessary to extend the common interest rule to cooperating plaintiffs. Accordingly, the magistrate judge's refusal to do so was contrary to the policy behind the common interest rule and was error. To the extent Plaintiff' motion seeks review and reconsideration of the Order on the issue of the joint prosecution privilege, it is GRANTED. On this issue, the matter is RECOMMITTED to the magistrate judge; he is to determine to which documents the privilege attaches and to which it does not.

### B. Work Product Doctrine

■ Whether the magistrate judge's determination that the work product doctrine should not be applied is clear error or contrary to law is a more difficult issue. The magistrate judge ruled that he would not apply the work product doctrine to preclude Safrabank's discovery of Plaintiff's documents because Plaintiff had not carried her burden to demonstrate specific and detailed facts which would indicate that the *Sporck* rule would be applicable.[1] The magistrate judge's Order, however, does not indicate what he considered when mak-

---

**1.** The *Sporck* rule stands for the proposition that the selection process of counsel in grouping certain documents together out of all the involved documents in a case is work product because such grouping is strategical and represents the mental impressions and legal opinions of counsel. *Sporck v. Peil*, 759 F.2d 312, 315 (3d Cir.1985).

ing his ruling or why he rejected Plaintiff's arguments.

Plaintiff points out that the magistrate judge found she had not provided sufficiently detailed information upon which he could base application of *Sporck*. Plaintiff argues this ruling was erroneous because *Sporck* is not the only basis upon which the work product doctrine is applicable. She argues, based on the evidence submitted to the ·magistrate judge,[2] that many of the documents fall within the classical and traditional protection of the work product doctrine, ·notwithstanding application of the *Sporck* rule.

 The Court finds Plaintiff's. arguments persuasive. A review of the privilege log, submitted to the magistrate judge at his request, evidences that the documents described therein may be protected from discovery by the work product doctrine.[3] Nonetheless, while finding Plaintiff's position persuasive, the Court cannot determine from the magistrate judge's Order whether error was committed. If Plaintiff is correct ·in her argument, the magistrate judge erroneously assumed that the *Sporck* rule was the only basis for applying the work product doctrine. On the other hand, the magistrate judge might have determined that Plaintiff simply did not provide sufficiently detailed information to state even a classic work product doctrine objection, let alone one based on *Sporck* reasoning. Again, this is unclear from the Order.

The Court finds that the lack of clarity in the Order warrants reconsideration and on this ground GRANTS Plaintiff's motion. The Court RECOMMITS the matter back to the magistrate judge for further explanation of his ruling.

 Specifically, the magistrate judge needs to indicate: (1) whether Plaintiff suf-ficiently stated objections for application of the work product in general; (2) if she did state facts sufficient for a work product objection, did Safrabank carry its burden of showing substantial need and undue hardship; (3) even if Safrabank showed undue hardship and substantial need, did Plaintiff provide information that would indicate the information sought concerned the legal opinions and mental impressions of counsel, and therefore was undiscoverable; and (4) what information did the magistrate judge consider and what was his analysis in denying *Sporck* rule application, which rule prohibits discovery which would indicate the selection process employed by counsel because the mere listing of documents evidences the strategy and legal opinions of counsel.

It is very important for the magistrate judge to distinguish between classic work product, which is discoverable upon a party's showing of substantial need and undue hardship, and work product which is never discoverable because it contains the mental impressions and legal opinions of counsel. The magistrate judge's ruling does not indicate what he considered or why. When the Court knows what information the magistrate judge considered and why he rejected Plaintiff's position, the Court can then determine whether the magistrate judge committed error in his ruling.

## IV. *Conclusion*

For the aforementioned reasons, Plaintiff's motion for reconsideration of Magistrate Judge Stone's Order is hereby GRANTED. The matter is RECOMMITED to Magistrate Judge Stone to make rulings consistent with this order.

IT IS SO ORDERED.

---

**2.** Plaintiff states the magistrate judge considered a "privilege log" drafted by Plaintiff and which lists those· documents sought, their general content, and the basis for objecting to the documents' production. Plaintiff indicates that in addition to the privilege log, she supplied the magistrate judge with declarations supplemental to the log.

**3.** In order for Plaintiff to have properly stated an objection based on the work product doctrine, she needed to present detailed facts which make clear that the specifically identified and described documents are protected under the doctrine. *See The Coastal Corp. v. Duncan*, 86 F.R.D. 514 (D.Del.1980).