**David A. GRAND, ex rel., UNITED STATES of America, Plaintiff,**

v.

**NORTHROP CORPORATION, Defendant.**

No. C–1–91–222.

United States District Court, S.D. Ohio, W.D.

Nov. 4, 1992.

See also 811 F. Supp. 330.

Ann Louise Lugbill, James Burdette Helmer, Jr., Helmer, Lugbill & Whitman Co., Cincinnati, OH, for plaintiff.

Michael Wesley Hawkins, Dinsmore & Shohl, Cincinnati, OH, for defendant.

Gerald Francis Kaminski, U.S. Dept. of Justice, Cincinnati, OH, for intervenor-plaintiff.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REMANDING TO MAGISTRATE THE DISCOVERY DISPUTE**

SPIEGEL, District Judge.

This matter is before the Court on the Defendant's Motion for Partial Summary Judgment (doc. 70), the Plaintiff's[1] Response (doc. 80), and the Defendant's Reply (doc. 83). Furthermore, part of the Magistrate's Order (doc. 73) concerning discovery has been appealed. These pleadings are as follows: the Plaintiff's Objections (doc. 74), the Defendant's Response (doc. 81), the

---

1. In this Order, the Court will use the terms "Plaintiff" and "Relator" interchangeably to refer to Mr. Grand. We recognize, however, the different capacities that the Mr. Grand and the United States play in this litigation.

Plaintiff's Reply (doc. 84), and the Government's Memorandum in Support of Relator Grand's Objections (doc. 85).

The first issue before this Court is whether the statute of limitations bars the Relator's claim for retaliation. The second issue before this Court is whether the Relator's statement to the government concerning his allegations is discoverable.

## BACKGROUND

This is a *qui tam* case. The Plaintiff claims that Northrop Corporation ("Northrop") failed to report security violations of top secret information while manufacturing the B–2 Stealth bomber. Specifically, Mr. Grand, the Relator, worked as a Security Manager for Northrop. In this capacity, he allegedly learned of a security violation. Mr. Grand contends that he reported the alleged security violation to his superior at Northrop, but that Northrop failed to take appropriate steps to remedy the problem.

The Plaintiff also claims that Northrop discharged him from his employment in order to retaliate against him for reporting the alleged security violations. Defendant Northrop has moved for summary judgment on this retaliation claim by Mr. Grand. Northrop contends that under any applicable statute of limitations, the Plaintiff's retaliation claim is time-barred.

## STANDARD OF REVIEW

The narrow question that we must decide on a motion for summary judgment is whether there exists a "... genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether issues exist that should be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982).

The moving party "has the burden of showing *conclusively* that there exists no genuine issues as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the

motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.) (emphasis in original), *cert. dismd.*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Moreover, "while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." *Id.* (quoting Rule 56(c), Fed.R.Civ.P.).

Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.* The Supreme Court elaborated upon this standard, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), as follows:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial....

*Id.* at 322, 106 S.Ct. at 2552. Summary judgment is not appropriate if a dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Nevertheless, conclusory allegations are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990).

## DISCUSSION

■ The material facts underlying the Defendant's Motion are not in dispute. Mr. Grand's employment with Northrop was terminated in July 1988. Mr. Grand did not file his Complaint under seal with this Court until April 3, 1991—about two years and eight months after the Plaintiff's alleged retaliatory discharge.

Mr. Grand has brought his retaliation claims under 31 U.S.C. § 3730(h) (1992) of the False Claims Act ("FCA" or *"qui tam"*). *See* Complaint, doc. 1, ¶¶ 75–79, at 15, 16. Congress provided protection against retaliation for defense workers bringing *qui tam* suits in 31 U.S.C. § 3730(h):

> [a]ny employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

31 U.S.C. § 3730(h) does not, itself, contain a statute of limitations. Consequently, Northrop argues that this Court must look to the most analogous state statute of limitations. *See Reed v. United Transp. Union*, 488 U.S. 319, 323, 109 S.Ct. 621, 624, 102 L.Ed.2d 665 (1989) (when Congress fails to supply an express statute of limitations, a court should apply the most closely analogous state statute of limitations). Northrop reasons that California's one-year statute of limitations is the most analogous. Therefore, Northrop concludes that Mr. Grand's retaliation claim is time-barred, as he brought his retaliation claim over two years after it allegedly occurred.[2]

**2.** We note that Northrop argues that the only other applicable statute of limitations is that of Ohio. Northrop notes that Mr. Grand's retaliation claim also would be time-barred under Ohio's 180 day statute of limitations.

**3.** We note, however, that statutory construction via the plain meaning of the statute has come under increasing criticism by an array legal scholars. *See e.g., Symposium: A Reevaluation of the Canons of Statutory Interpretation*, 45 *Vand.L.Rev.* (April 1992) (many of the articles in this symposium criticized the recent drift toward analyzing the plain meaning of statutes). Nevertheless, as a federal district court this Court must follow the law as determined by the Sixth Circuit and the Supreme Court.

In considering the Defendant's Motion, this Court's first duty is to examine the relevant statutes to determine whether Congress has expressly provided a statute of limitations. *See id.* A court should look to the plain language of a statute to determine its meaning. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).[3] Nevertheless, a court should not enforce the plain meaning of a statute if it would lead to an absurd or odd result. *Public Citizen v. United States Dep't of Justice*, 491 U.S. 440, 454–55, 109 S.Ct. 2558, 2566–67, 105 L.Ed.2d 377 (1989); *Church of Holy Trinity v. United States*, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226 (1892) (seminal case adopting this canon of statutory construction).[4]

In 31 U.S.C. § 3731, Congress provided a statute of limitations for *qui tam* actions:

> [a] civil action under section 3730 may not be brought—(1) more than 6 years after the date on which violations of section 3729 is committed, or (2) more than 3 years after the date when facts material to the right of action or known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed.

(emphasis added). Mr. Grand has brought his retaliation claim under 31 U.S.C. § 3730(h). Because a retaliation claim is part of § 3730, the plain language of 31

**4.** Upon reading the majority and the concurrence in *Public Citizen*, 491 U.S. 440, 109 S.Ct. 2558, there may be some distinction between the plain meaning of a statute reaching an "odd result," and the plain meaning of a statute reaching an "absurd result." However, the Supreme Court has never clearly distinguished "odd results" from "absurd results." As a result, lower courts refer interchangeably to "odd" and "absurd" results. *Cf. Rutgers, State University v. Martin Woodlands Gas Co.*, 974 F.2d 659 (5th Cir.1992) (plain meaning should not be applied if it would produce an *absurd* result); *with Hercules, Inc. v. United States Envtl. Protection Agency*, 938 F.2d 276, 281 (D.C.Cir.1991) (plain meaning should not be applied if it would produce an *odd* result).

U.S.C. § 3731 expressly provides a statute of limitations for allegations of retaliation.

Defendant Northrop contends, however, that the statute of limitations set forth in 31 U.S.C. § 3731 is not applicable to a wrongful discharge claim under 31 U.S.C. § 3730(h). Northrop points to the language "... on which the violation of section 3729 is committed...." Based upon this language, Northrop concludes that the six year statute of limitations only applies to fraud violations under 31 U.S.C. § 3729.

We are unpersuaded by Northop's argument. The statute of limitations begins with "[a] civil action under § 3730—." Congress did not specify parts or subsections of § 3730 which had a different statute of limitations. Based upon the plain language of the statute, we can only infer that Congress intended all parts of 31 U.S.C. § 3730 to have the same statute of limitations.

Finally, we note that a relator's *qui tam* claim is often interrelated to his claim for retaliation. *See generally, United States, ex rel. Barbara Burch v. Piqua Engineering, Inc.*, 803 F.Supp. 115, 119 (S.D.Ohio 1992) (J. Spiegel) (noting that *qui tam* plaintiffs have standing because of the potential ramifications to their employment status by initiating an action under the FCA). Given the interrelatedness of the two actions, Congress rationally concluded that the two actions should have identical statutes of limitation. Therefore, based upon the plain meaning of the statute, we conclude that Mr. Grand has filed a timely cause of action under 31 U.S.C. § 3730(h) for retaliation.

One court has considered the same issue that is before this Court, but reached a different conclusion. In *United States, ex rel. Truong v. Northrop Corp.*, Case No. CV88–967 MRP (C.D.Cal. Nov. 26, 1991), the court applied the California statute of limitations and barred the Plaintiff's retaliation claim. The *Truong* court stated that the "literal reading" of the statute would time bar the plaintiff's claim. *Id.* at 5. Nevertheless, the *Truong* court reasoned that to apply the plain meaning of the statute could result in an illogical result:

> Congress cannot have meant for an employee's private claim for retaliation against an employer to be time-barred *before* that employee suffers the retaliation. This impracticable result is occasioned by defining an accrual date for the limitations period of the private claim which is unrelated to the retaliation upon which the private claim is based.

*Id.* (emphasis in original). In essence, the *Truong* court concluded that the plain meaning of 31 U.S.C. § 3730 should not be enforced because the result would be odd or absurd. *See Public Citizen*, 491 U.S. at 454–55, 109 S.Ct. at 2566–67.

We agree with Northrop that the *Truong* court raises a difficult issue if the plain language of 31 U.S.C. § 3730 is enforced. However, applying the plain meaning of 31 U.S.C. §§ 3729–31 would not lead to an absurd result in *this* case. We are quite sure that strange problems and questions may arise in the application of the plain meaning of many statutes under particular sets of facts. Still, the task of this Court is not to answer every conceivable question or hypothetical about a statute. *Immigration and Naturalization Service v. Cardoza–Fonseca*, 480 U.S. 421, 466 n. 7, 107 S.Ct. 1207, 1231 n. 7, 94 L.Ed.2d 434 (1987) (J. Powell, dissenting) ("The Court does not sit to answer hypothetical questions of statutory construction. Normally we resolve such questions only by examining the facts of the case before us."); *see generally, Air Courier Conference of Am. v. Am. Postal Workers Union, AFL–CIO*, 498 U.S. 517, 111 S.Ct. 913, 112 L.Ed.2d 1125 (1991) (J. Stevens, concurring) (courts should not involve themselves in answering hypothetical questions); Michael B. Hickman, *Absurdity as an Indication of Ambiguity in Missouri Contract Law: Tumlinson v. Norfolk & Western Railway. Co.*, 55 *Mo.L.Rev.* 617 (criticizing the reasoning in *Tumlinson v. Norfolk & W. Ry. Co.*, 775 S.W.2d 251 (Mo.Ct.App.1989) (because "unlike any other state that has adopted the absurdity rule, the court found an AB-SURD result only after considering hypothetical facts, not the actual facts of the case") (emphasis in original). Instead, it is this Court's duty to interpret and apply a

statute to the facts of the case before it. *See generally,* R. Bork, *The Tempting of America* (1991).

█ Therefore, we need not resolve the thorny issue of whether the statute of limitations for retaliation begins to run upon a violation under 31 U.S.C. § 3729 or whether the statute is retolled upon retaliation against the whistle-blower which occurs after the *qui tam* violation. Instead, in this litigation, under either theory, Mr. Grand has filed his Complaint in time, as required by the statute of limitations in 31 U.S.C. § 3731. Thus, we hold that the plain meaning of 31 U.S.C. §§ 3729–3731 should be enforced.

### OBJECTIONS TO THE MAGISTRATE'S RULING ON DISCOVERY

In a September 11, 1992 Order, Magistrate Judge Jack Sherman, Jr. granted Northrop's Motion to Compel Relator Grand to produce his " 'written disclosure of substantially all material evidence and information' provided to the Government...." Doc. 73, at 2. The Magistrate held that this material was not protected as attorney work-product or by the attorney client privilege. *Id.* This Court must set aside the Magistrate's Order if we find to be "... clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

Before initiating a *qui tam* suit, the FCA requires a relator to provide to the United States government the following items:

> [a] copy of the complaint and written disclosure of substantially *all material evidence and information* the person [i.e., the relator] possesses....

31 U.S.C. § 3730(b)(2). After receiving this information, the government then has sixty days to determine whether or not it will intervene initially in the action. 31 U.S.C. § 3730(b).

In considering the Plaintiff's objections, we first note that all non-privileged, relevant information is discoverable. Fed. R.Civ.P. 26(b)(1). By its very nature, Relator Grand's statement to the government contains "... material evidence and information...." 31 U.S.C. § 3730(b)(2). However, Counsel for Mr. Grand has represented to the Court that she included her analysis and opinions of the case in Mr. Grand's required statement to the government. *Cf. United States Of America, ex rel. Taxpayers Against Fraud v. Litton Systems, Inc.,* Case No. 88–2276–MRP (C.D.Cal. Oct. 19, 1990) (holding the relator's written disclosure to be protected by the work product doctrine and the attorney-client privilege) *with United States of America, ex rel. Larry Elliot v. Sperry Corp.,* Case No. C–88–7 (S.D.Tex. Oct. 24, 1991) (finding the relator's written disclosure to be discoverable).

In an effort to synthesize the competing interests present in this discovery dispute, the Court orders that this matter be remanded back to the Magistrate. Relator Grand shall produce his 31 U.S.C. § 3730(b)(2) disclosure to the Magistrate for an *in camera* inspection. The Magistrate shall then examine the document and determine what items in the document constitute "material evidence and information."

According to the Magistrate's findings, the analysis and opinions of the Relator's counsel shall be redacted from the document. The Relator shall then produce the redacted document to the Defendant. Thus, the redacted document should contain the "material evidence and information" which the Relator provided to the government under 31 U.S.C. § 3730(b)(2). Finally, Relator Grand shall have the right to propose to the Magistrate by November 16, 1992 what parts of the document should be redacted pursuant to this Order. Relator Grand's submission should not contain argument or explanation as to what parts of the document should be redacted.

### CONCLUSION

Accordingly, the Defendant's Motion for Partial Summary Judgment is denied, and the Plaintiff's Objections to the Magistrate's discovery ruling is remanded according to the dictates set forth in this Order.

SO ORDERED.