UNITED STATES of America, ex rel.,
George BURROUGHS, Plaintiff,

v.

DeNARDI CORPORATION,
et al., Defendants.

Civil No. 94–0212–GT (LSP).

United States District Court,
S.D. California.

Feb. 20, 1996.

Robert S. Brewer, Jr., Gail D. Zirkelbach and Ross H. Hyslop, McKenna & Cuneo, San Diego, CA, for DeNardi.

Lynne R. Lasry, Procopio, Cory, Hargreaves & Savitch, San Diego, CA, for defendant Philip G. Thorpe.

Michael Wilson, San Diego, CA, for defendant American Bureau of Shipping.

Philip Stillman, Flynn, Sheridan & Tabb, Rancho Sante Fe, CA, for plaintiff George Burroughs.

## ORDER REGARDING DEFENDANT DeNARDI CORPORATION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (90–1) AND DENYING MOTION FOR SANCTIONS (90–2)

PAPAS, United States Magistrate Judge.

On November 14, 1995, defendant DeNardi Corp., DeNardi Equip. Co., Inc., Harold DeNardi, Robert Wood, Jr. and Rodney Furuya (hereafter defendants or "DeNardi") moved this court to compel plaintiff George Burroughs (hereafter plaintiff or "Burroughs") to produce certain documents which Burroughs claimed were privileged. After the hearing on DeNardi's Motion, the court continued the matter to December 13, 1995, at which time further oral argument was received. Thereafter, the court requested

supplemental briefing from plaintiff and defendants (as a group). The supplemental briefing was received by the court on November 28, 1995, December 20, 1995 and January 2, 1996. After January 2, 1996, the court took the matter under submission. The court having reviewed the moving, opposition and supplemental papers of the parties and the authorities cited therein, HEREBY ORDERS:

## I. OVERVIEW

This case arises under the False Claims Act, 31 U.S.C. § 3729 *et seq.* Burroughs alleges that defendants engaged in fraud against the U.S. Government by making inflated claims for payment on various government contracts.

On August 8, 1995, DeNardi served on plaintiff its First Request for Production of Documents. Plaintiff responded by producing a privilege log, dated September 14, 1995. The privilege log contained entries for the documents that are the subject of this motion:

(1) Letter from P. Stillman to U.S. Attorney Alan Bersin, dated February 10, 1994. Plaintiff later disclosed to defendants that the February 10, 1994 letter from P. Stillman to Alan Bersin was the formal "Disclosure Statement" required by 31 U.S.C. § 3730(b)(2).[1]

(2) Letter from P. Stillman to NCIS Gabrielle Corruth, dated June 13, 1994;

(3) Letter from P. Stillman to AUSA Jack Robinson, dated April 5, 1994;

(4) Letter from P. Stillman to DOD Attorney Richard Vartain, dated April 7, 1994;

(5) Letter from Y. Hanchett to AUSA Jack Robinson, dated June 13, 1994.

Plaintiff claims that these documents are protected from disclosure by the attorney-client privilege, work-product doctrine, joint-prosecution privilege and the law enforcement evidentiary/investigatory files privilege. Defendant disagrees and seeks an order compelling plaintiff to produce the documents.

## II. ATTORNEY–CLIENT PRIVILEGE

Plaintiff argues that the documents are protected from disclosure by the attorney-client privilege. He asserts that the documents are a compilation of communications from himself to his attorneys for the purpose of obtaining legal advice. He also asserts that while he expected that factual information referred to in the documents might be discoverable the actual documents themselves are protected from discovery.

Defendants argue that the documents are not protected by the attorney-client privilege. They cite *U.S. ex rel. Stone v. Rockwell* 144 F.R.D. 396, 398–400 (D.Colo.1992); *U.S. ex rel. Robinson v. Northrop Corp.* 824 F.Supp. 830, 838–9 (N.D.Ill.1993); and *U.S. ex rel. Grand v. Northrop* 811 F.Supp. 333, 337 (S.D.OH1992) to support their position. In *Stone,* the court held that the Disclosure Statement in that case did not enjoy the protection of the attorney-client privilege. The *Stone* court reasoned that the document was a recitation of facts and allegations communicated by the plaintiff to the government for the purposes of complying with the statutory conditions precedent to bringing suit against the defendants. It also noted that the communications by plaintiff were not made for the purpose of seeking legal advice, nor were they intended to be confidential. *Robinson, supra* and *Grand, supra* are generally in accord with *Stone* court's analysis.

■ Pursuant to Fed.R.Evid. 501, federal law governs the availability and scope of the attorney-client privilege in non-diversity actions. *U.S. v. Hodge & Zweig,* 548 F.2d 1347, 1353 (9th Cir.1977). Under federal law the attorney-client privilege applies:

(1) where legal advice of any kind is sought,

(2) from a professional legal adviser in his capacity as such,

(3) the communications relating to that purpose,

(4) made in confidence,

(5) by the client,

[1] Pursuant to 31 U.S.C. § 3730(b)(2), plaintiff must submit to the Department of Justice, in connection with filing a false claims action, a statement which constitutes a "written disclosure of substantially all material evidence and information" the plaintiff has in his possession.

(6) are at that instance permanently protected,

(7) from disclosure by himself or by the legal adviser,

(8) unless the protection is waived.

*In re Fischel* 557 F.2d 209, 211 (9th Cir. 1977); *Admiral Insurance Co. v. U.S. Dist. Ct.* 881 F.2d 1486, 1492 (9th Cir.1989).

▮ In this case, the communications by plaintiff to Attorney Stillman were designed to give Attorney Stillman the percipient facts and evidence within plaintiff's knowledge so Attorney Stillman could comply with 31 U.S.C. § 3730(b)(2) on plaintiff's behalf. The communications contained in the documents were not made for the purpose of seeking legal advice. Percipient facts cannot achieve the protected status under the attorney-client privilege by merely repeating them to an attorney. *Matter of Grand Jury Subpoenas,* 959 F.2d 1158, 1166 (2nd Cir.1992); *In re Grand Jury Proceedings* 896 F.2d 1267, 1270 (11th Cir.1990). Moreover, the communications were not made in confidence. They were the facts underlying the events, told to Attorney Stillman by plaintiff to permit Attorney Stillman to assemble the information in a way to apprise the government of all the material evidence and information plaintiff had in his possession at the time. As a result, plaintiff has failed to show that the documents are protected by the attorney-client privilege.

## III. WORK–PRODUCT IMMUNITY

Defendants argue that the documents are not entitled to protection from discovery by the work-product doctrine. Their argument is twofold. First, the documents should not contain plaintiff's counsel's opinions. Second, because they have been disclosed to the government, the documents lose their work product protection. In support of their position, defendants cite *Robinson,* 824 F.Supp. at 830. In *Robinson,* the court held the Disclosure Statement in that case did not enjoy protection from discovery by virtue of the work-product immunity.

Plaintiff, on the other hand, asserts that the documents sought, and in particular the Disclosure Statement, are the product of numerous meetings between plaintiff and his attorneys. After the meetings, plaintiff's attorneys selected, from all of the information imparted by plaintiff, those facts and documents that they deemed "material" to proving violations of the False Claims Act, 31 U.S.C. § 3729, *et seq.* This process, it is argued, necessarily required plaintiff's attorneys to organize the facts and evidence presented to them into a written disclosure to the government in order to indicate how defendants committed fraud on the U.S. government. Plaintiff therefore contends that the process of selection and organization of facts and evidence, and writing the statement for the government's review, required his attorneys to assess the weight and organization of the evidence to prove his claims. Consequently, plaintiff asserts that the documents at issue contain plaintiff's counsel's mental impressions, theories and opinions regarding plaintiff's claims and are, therefore, protected from disclosure by the work-product immunity.

The work product doctrine is embodied in Rule 26(b)(3) of the Federal Rules of Civil Procedure. Rule 26(b)(3) states, in pertinent part:

> ... a party may obtain discovery of documents ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... *only* upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case *and* that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, *the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney* or other representative of a party concerning the litigation. (emphasis added).

▮ While trial preparation materials may be discoverable upon an appropriate showing, the materials containing mental impressions, conclusions, opinions, and legal theories of an attorney are discoverable only in rare and extraordinary circumstances. *Connolly*

*Data Systems v. Victor Technologies* 114 F.R.D. 89 (S.D.Cal.1987). See *In re Doe* 662 F.2d 1073 (4th Cir.1981) (holding discovery of opinion-work product only in extraordinary circumstances); *In re Murphy* 560 F.2d 326, 336 (8th Cir.1977) ("Opinion-work product enjoys a nearly absolute immunity and can be discovered only in rare and extraordinary circumstances"); *Handgards, Inc. v. Johnson & Johnson* 413 F.Supp. 926 (N.D.Cal. 1976).

The Supreme Court in *Hickman v. Taylor* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), noted the importance of protecting the thought processes of attorneys:

> Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties ... it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of client's case demands that he assemble information, sift what he considers to be relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their client's interests.

Plaintiff asserts that the documents sought by defendants reveal the facts and evidence his attorneys felt were important to prove his claims. Moreover, he contends that the organization and characterization of the facts and evidence presented reveal the attorneys' assessment of the strength of such facts and evidence. Without more, it would be difficult for the court to see how the documents could be characterized as anything other than "opinion-work product," specifically protected from disclosure to opposing counsel, because the disclosure would potentially reveal plaintiff's counsel's mental impressions, opinions and theories about the case. See *Connolly*, 114 F.R.D. at 96.

Rule 26(b)(3) also makes clear that materials prepared in anticipation of litigation, or in preparation for trial, may be discoverable upon a proper showing. Therefore, if the documents do not qualify as "opinion-work product" as discussed above, they may still be discoverable if defendants show that they (a) have substantial need for the documents; and (b) they are unable without undue hardship to obtain the substantial equivalent of the documents by other means. Fed.R.Civ. Pro. 26(b)(3).

▉ In this instance, defendants have not and cannot establish both substantial need for the documents and undue hardship in obtaining by other means the substantial equivalent of the documents. Defendants have not submitted to the court any reason why they have a substantial need for the documents in question or why they cannot obtain the substantial equivalent of the documents by other means. To the contrary, plaintiff's counsel has provided defendants with access to all the information they themselves used to prepare plaintiff's communications to the government. Shortly after the plaintiff's deposition began, plaintiff's counsel provided defendants with a 97 page memorandum written by plaintiff which exhaustively discusses all of his claims. The memorandum contains the names of witnesses and lists the relevant documents for each claim. This memorandum appears to be a comprehensive recitation of the facts that support each of plaintiff's claims along with a cross-reference to relevant documents to support plaintiff's theories of liability. Moreover, the court has been made aware that, while the 97 page memorandum may not be the original memorandum prepared by plaintiff, plaintiff's counsel has endeavored, or is endeavoring, to provide defendants with a computer disk containing the original memorandum written by plaintiff.

The documents sought by defendants have not been provided to the court for review. Since the court has not reviewed the documents in question it is difficult, if not impossible, to ascertain whether the organization and characterization of the facts and evidence presented would indeed reveal plaintiff's counsel's assessment of the strength of such facts and evidence (which would, in turn, reveal plaintiff's counsel's mental impressions, opinions and theories about the

case). Therefore, plaintiff is directed to provide the court with copies of all the documents in question, on or before *February 28, 1996*, so that the court can perform an *in camera* review of the documents.

## IV. WAIVER OF WORK–PRODUCT IMMUNITY

If the court's review of the documents in question indeed reveals that the documents are protected from discovery by the work-product immunity, then the court must decide whether plaintiff waived the work-product protection by disclosing the information contained in the documents to the government, a third party that has not intervened in the action.

■■■ One of the primary functions of the work-product doctrine is to prevent a current or potential adversary in litigation from gaining access to the fruits of counsel's investigative and analytical effort, and strategies for developing and presenting the client's case. Therefore, analysis of issues of waiver of the work-product protection must focus on whether the disclosures in issue increased the likelihood that a current or potential opponent in the litigation would gain access to the documents in question. *Bank of the West v. Valley National Bank* 132 F.R.D. 250, 262 (N.D.Cal.1990); *In re Subpoenas Duces Tecum* 738 F.2d 1367, 1374–1375 (D.C.Cir.1984).

Plaintiff argues that any work product protection afforded the documents in question was not waived by disclosure of the information to the government. Plaintiff asserts that he and the government share common interests against the defendants. Consequently, plaintiff asserts that he and the government share a joint prosecution privilege which protects the documents from disclosure to the defendants. Defendants, on the other hand, argue that the joint prosecution privilege does not apply when, as here, the government chooses not to intervene in the case, nor is a party to the litigation. Defendants further assert that the govern-

ment's rights and interests are limited after it makes the decision not to intervene in the case. Therefore, it cannot be seen to share with plaintiff the requisite common interests that give rise to a joint prosecution privilege.

■■■ The court's inquiry therefore focuses on the joint prosecution privilege and its application to whether plaintiff can claim such a privilege when he discloses information to the government, pursuant to requirements of the False Claims Act. The privilege, originally called the "joint defense privilege," protects communications between an individual and an attorney for another when the communications are part of an ongoing and joint effort to set up a common defense strategy. To establish the existence of a joint defense privilege, the party asserting the privilege must show that (1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further the joint defense effort, and (3) the privilege has not been waived. *U.S. v. Bay State Ambulance & Hosp. Rental Serv.* 874 F.2d 20, 28 (1st Cir. 1989) citing *In re Bevill, Bresler & Schulman Asset Management Corp.* 805 F.2d 120, 126 (3rd Cir.1986); see also *Waller v. Financial Corp. of America* 828 F.2d 579 (9th Cir.1987). Courts have held that while the joint defense privilege is an extension of the attorney-client privilege, it also applies to the work-product doctrine. *Western Fuels Assn. v. Burlington N.R.R.* 102 F.R.D. 201, 203 (D.Wyo.1984), *Haines v. Liggett Group* 975 F.2d 81 (3rd Cir.1992). Courts have also held that the privilege does not solely apply to cooperating defendants. It also applies to cooperating plaintiffs. *Sedlacek v. Morgan Whitney Trading Group* 795 F.Supp. 329, 331 (C.D.Cal.1992); *Loustalet v. Refco* 154 F.R.D. 243, 247 (C.D.Cal.1992); *In re Grand Jury Subpoenas* 902 F.2d 244 (4th Cir.1990). Further, the privilege is not limited to co-parties. *Loustalet, supra,* at 247, *In re Grand Jury Subpoenas, supra,* at 249.[2]

**2.** The court is aware that much of the case law that discusses the joint defense privilege and the joint prosecution privilege discuss the doctrine's applicability to co-parties to a litigation sharing confidential communications as part of joint effort to establish common prosecution or defense theories. See for example, *Bay State Ambulance, supra, Waller, supra, U.S. v. McPartlin* 595 F.2d

Therefore, whether the jointly interested persons are defendants or plaintiffs, and whether the litigation or potential litigation is civil or criminal, the rationale for the privilege is clear: Persons who share a common interest in litigation should be able to communicate confidentially with their respective attorneys, and with each other, to more effectively prosecute or defend their claims. *In re Grand Jury Subpoenas, supra*, at 249.

■ In light of the foregoing, this court must examine the extent of the common interests between plaintiff and the government to decide whether plaintiff's disclosure of his attorney's work product is consistent with the nature of the work product doctrine. *Loustalet*, 154 F.R.D. at 247, citing *U.S. v. AT & T* 642 F.2d 1285, 1299 (D.C.Cir.1980).

In this action, the False Claims Act, 31 U.S.C. § 3729 *et seq.*, itself provides ample support that plaintiff and the government share sufficient common interests, as against the defendants. 31 U.S.C. § 3730(b)(1) provides that

(a) person may bring a civil action for violation of section 3729 *for the person and for the United States Government. The action shall be brought in the name of the Government* ... (emphasis added).

This section makes clear that plaintiff and the government essentially stand in the same shoes as against the defendants. Further, the False Claims Act sets forth a scheme whereby plaintiff and the government act together to prosecute the action. The action may not be dismissed unless the government gives written consent to the dismissal. 31 U.S.C. § 3730(b)(1). The government can settle or dismiss the action without the consent of the plaintiff. 31 U.S.C. § 3730(c)(2)(B), § 3730(c)(2)(A). The government retains the right to limit the plaintiff's recovery from the defendants. § 3730(d)(1), (2). The government can request that it be served with all pleadings filed in the action and all deposition transcripts. § 3730(c)(3). Finally, the government may intervene in the action at any time, upon a showing of good cause. § 3730(c)(3). In short, the government has a substantial interest in seeing that the litigation is successful against the defendants, whether or not it elects to intervene in the action. For all practical purposes, plaintiff and the government are essentially the same party. All of plaintiff's claims, litigation strategies, and ultimate goals, are all asserted on behalf of the government. Consequently, the court concludes that plaintiff and the government have sufficient commonality of interests such that they can successfully assert the joint prosecution privilege. As a result, plaintiff's disclosure of the documents to the government did not result in a waiver of the work-product immunity, if that protection applies.[3,4]

1321 (7th Cir.1979); *Continental Oil Co. v. U.S.* 330 F.2d 347 (9th Cir.1964); *Polycast Tech. Corp. v. Uniroyal, Inc.* 125 F.R.D. 47 (S.D.N.Y.1989); *Ohio Sealy Mattress Mfg. v. Kaplan* 90 F.R.D. 21 (N.D.Ill.1980); *In re Grand Jury Subpoena* 406 F.Supp. 381 (S.D.N.Y.1975), *Western Fuels Assn., supra*. However, those courts did not have the occasion to address the issue of whether the privilege applies *exclusively* to co-parties, because only co-parties' assertions of the privilege were at issue in those cases.

**3.** Defendants' arguments that the documents, including the Disclosure Statement, are discoverable, are unavailing. While *U.S. ex rel. Stone v. Rockwell, supra; U.S. ex rel. Robinson v. Northrop, supra;* and *U.S. ex rel. Grand v. Northrop, supra,* generally support defendants' position, none of those cases dealt with the issue of whether a joint prosecution privilege applies in the circumstances set forth in those cases. Moreover, defendants' arguments that the joint prosecution privilege applies only when the government chooses to intervene, is equally unavailing.

Defendants cite no authority, and the court has not found any authority, to support such a proposition. Defendants merely indicate authority for the proposition that when the government does not intervene in the action, its rights are more limited than when it does intervene in the action. This authority does not address the precise issues of commonality of interest and the application of the joint prosecution privilege.

**4.** This conclusion is supported by the unreported decision of District Judge Pfaelzer in *U.S. ex rel. Taxpayers Against Fraud v. Litton Systems, Inc.* (U.S.Dist.Ct.C.D.Cal. Case No. 88–02276–MRP, October 19, 1990). In *Taxpayers*, Judge Pfaelzer ruled that the Disclosure Statement prepared by a plaintiff in a False Claim Act case had certain protections including the work-product doctrine, in a case where the government intervened in the action. Further, the court ruled that plaintiff did not waive those protections by submitting the Disclosure Statement to the government pursuant to 31 U.S.C. § 3730. While the court does

## V. WAIVER DUE TO TARDINESS OF RESPONSE

Defendants assert that plaintiff waived any protection from disclosure based on the untimeliness of his response to their request for production of documents. The court notes that defendants personally served their document production request on August 8, 1995. On September 14, 1995, six days after plaintiff's response was due pursuant to Fed. R.Civ.Pro. 34(b), counsel for DeNardi notified counsel for plaintiff that no response to the document request had been received. Later that same day, plaintiff served defendants via facsimile with its response to the document production request. Plaintiff explained that his counsel's office inadvertently calendared the due date for the responses and production of documents on September 18, 1996, the same day as plaintiff's deposition. Plaintiff's counsel sent his responses to defendants via facsimile immediately upon being notified of his error.

■■■■ Generally, a party's failure to serve timely objections to document production requests constitutes waiver of any objections which the party might have to the requests. *Richmark Corp. v. Timber Falling Consultants* 959 F.2d 1468, 1473 (9th Cir.1992). However, in this case, due to plaintiff's relatively short tardiness, the court will not find a waiver of a privilege or discovery immunity if the request exceeded the bounds of fair discovery, by seeking documents that are lawfully protected from disclosure. *Young v. U.S.* 149 F.R.D. 199, 205 (S.D.Cal.1993), citing *Krewson v. City of Quincy* 120 F.R.D. 6, 7 (D.Mass.1958). As discussed in this order, the documents sought by defendants are potentially protected from disclosure by the work product doctrine and joint prosecution privilege. Therefore, plaintiff's tardy response will not operate to waive those protections.

## VI. LAW ENFORCEMENT/INVESTIGATORY FILES PRIVILEGE

Plaintiff argues that all of the documents in question are protected by the law enforcement/investigatory files privilege. Plaintiff asserts that the documents were compiled for the purpose of investigating fraud allegations. To that end, the plaintiff's statement to the government becomes an integral part of the government's investigative file, whether or not the government intervenes in the action. In support of his position, plaintiff cites *Black v. Sheraton Corp.*, 564 F.2d 531 (D.C.Cir.1977); *Association for Women in Space v. Califano* 566 F.2d 339 (D.C.Cir. 1977); *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336 (D.C.Cir.1984) and *U.S. v. Winner* 641 F.2d 825 (10th Cir. 1981).

■■■ However, these cases do not support plaintiff's position. The law enforcement/investigatory files privilege is a privilege that is exclusive to the government. *Association for Women in Science, supra,* at 343; *U.S. v. Winner, supra,* at 831. To assert the privilege, a responsible government official must lodge a formal claim of privilege, after actual personal consideration of the information sought. The formal claim of privilege must specify with particularity the information for which the protection is sought, and explain why the information falls within the scope of the privilege. *Winner, supra,* at 831; *Friedman v. Bache, supra,* at 1341.

In this case, plaintiff has not shown that he may claim the law enforcement/investigatory files privilege. Moreover, he has not shown that any responsible government official has reviewed the documents sought, much less lodged an appropriate claim of privilege for them. Consequently, the court concludes that the law enforcement/investigatory files privilege does not apply in this circumstance.

## VII. CONCLUSION

The documents sought by defendants are not protected from disclosure by the attorney-client privilege. The documents, however, may be protected as opinion-work product because they may disclose plaintiff's counsel's mental impressions, opinions and theories about this litigation. If the documents

not concur in all aspects of Judge Pfaelzer's ruling, this court does reason that if the government can enjoy the protection of the work product doctrine in a case where it did intervene,

there does not appear to be any appropriate rationale for denying the same protection to a plaintiff where the government does not intervene.

do not qualify as opinion work product, plaintiff has not made the necessary showing required for production of non-opinion work product. Plaintiff has not waived the work-product protection because plaintiff has shown that he and the government have a sufficient commonality of interest to justify application of the joint prosecution privilege. Finally, the documents sought by defendants are not protected by the law enforcement/investigatory files privilege.

Plaintiff is ordered to provide the court, on or before *February 28, 1996*, with copies of all of the documents in question that have been sought by defendants by this motion.

## VIII. SANCTIONS

The court finds that plaintiff's refusal to produce the documents in question was substantially justified in light of arguments he presented to defendants. Defendants' Motion For Sanctions is therefore denied.

IT IS SO ORDERED.